**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jess A. WILLARD, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles R. KAUFMAN, Defendant-Appellant.**

**Nos. 18953, 18954.**

United States Court of Appeals, Seventh Circuit.

July 1, 1971.

Rehearing Denied in No. 18954 Aug. 25, 1971.

Gordon Lambert, Harris & Lambert, Marion, Ill., Frank R. Hudak, Collinsville, Ill., for defendant-appellant Willard.

Henry A. Schwarz, U. S. Atty., Ronald A. Lebowitz, Jeffrey F. Arbetman, Asst. U. S. Attys., E. St. Louis, Ill., for plaintiff-appellee. .

Before DUFFY, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

In No. 18953, defendant Jess A. Willard was indicted for mail fraud (18 U. S.C. § 1341). In No. 18954, similar charges were brought against Charles R. Kaufman. In each case, the indictment contained seven counts arising out of the same transactions. After various discovery procedures, each defendant entered a plea of guilty as to Count 1. The United States moved to dismiss the other six counts, and the trial court so ordered.

As the facts and circumstances in each case are similar, we have decided to pass upon the contentions and arguments of each case in one opinion.

After examining presentence reports, the District Judge sentenced each defendant to three years' imprisonment. A motion for probation was denied.[1]

As hereinbefore stated, each defendant was indicted on seven counts of alleged mail fraud. The indictment charged that Willard and Kaufman obtained a corporate charter for the "Willard Acceptance Service Company of Illinois."

It was further charged that the defendants established a corporate checking account, and that stock certificates were sold and the funds thereof were dissipated [2] almost immediately.

It was also alleged that false representations were made to the persons who purchased the stock, and that, as a part of said fraudulent scheme, defendants mailed a letter to the Stockyards National Bank, East St. Louis, Illinois.

Each defendant argues before us that the District Court abused its discretion in denying the petitions for probation and in imposing three year sentences. We are advised that testimony was taken which was favorable to defendants show-

---

1. Under 18 U.S.C. § 1341, a maximum fine of $5,000 and five years' imprisonment could have been imposed.

2. The term "dissipated" is not explained or defined. Other evidence disclosed that as of the date of the hearing, both defendants were "broke." One defendant testified he had no money to pay for his attorney's legal services. There also was proof that Willard gave a 30-day post-dated check for the purchase of an automobile and that he had been unable to make the check good.

ing, among other things, no previous criminal record by either defendant. As an example of other favorable testimony, Oliver Norman, a management consultant who had known Willard for five years, testified he always had found him to be honest; that he was a good family man, and that, in his opinion, it would be in the best interest of the community and society that Willard be placed on probation.

The District Court apparently gave considerable weight to the fact that neither defendant offered to make restitution. However, since Willard could not make good on a 30-day post-dated check, it would not be likely that he would be in a position to make restitution.

■ Although to the writer of this opinion, the sentences imposed might seem severe, that is not the test which must be here applied. It is well established that sentencing judges have a wide discretion in determining the appropriate punishment within the limits of various federal statutes and that as a matter of the appellate court's supervisory control, the exercise of such discretion will not be disturbed on appeal except on a plain showing of gross abuse. United States v. Melendez, 355 F.2d 914 (7 Cir., 1966); Simpson v. United States, 342 F.2d 643 (7 Cir., 1965); United States v. Wiley, 278 F.2d 500 (7 Cir., 1960).

■ Defendant Kaufman argues that the indictment did not sufficiently allege the elements of mail fraud under 18 U.S.C. § 1341. He claims that the mailing charged in the indictment did not have any connection with the alleged violations. We disagree. We think the essential elements of the charge were adequately set forth. See United States v. Smothers, 435 F.2d 209 (7 Cir., 1970) Appellant actually is attempting to challenge the accuracy of the basic facts charged in the indictment. Such an attack is inappropriate once a plea of guilty to the indictment has been entered. The rule in such cases was well stated in United States v. Doyle, 348 F.

2d 715 (2 Cir., 1965)—"An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example." 348 F.2d at 718–719. We agree with the government that appellant has demonstrated no facts which would merit overturning his voluntary plea of guilty.

The judgment of the District Court is affirmed.