**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David D. JOHNSON, Defendant-**
**Appellant.**

**No. 73-1509.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 18, 1974.

Decided Nov. 21, 1974.

Rehearing Denied Dec. 18, 1974.

Certiorari Denied April 28, 1975.
See 95 S.Ct. 1682.

---

Richard C. Moenning, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Michael D. Monico, Asst. U. S. Attys., Chicago Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, PELL, Circuit Judge, and ESCH-BACH *, District Judge.

ESCHBACH, District Judge.

Defendant-appellant David D. Johnson pleaded guilty on December 6, 1972, to both counts of a two-count indictment. The indictment charged in Count I that on November 18, 1971, Johnson violated Title 26, U.S.C. § 5861(d), by having in his possession a sawed-off shotgun which was not properly registered. Count II charged Johnson with possession of a different unregistered weapon on January 7, 1972, also in violation of Title 26, U.S.C. § 5861(d). On appeal, the defendant-appellant raises essentially three issues. We affirm.

The first question presented by this appeal is whether the trial judge followed the procedures mandated by Rule 11, Fed.R.Crim.P. when he accepted Johnson's guilty pleas.[1] We are satis-

---

* District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

1. A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea

fied that the procedures set forth in Rule 11 were followed.

## I.

■ Defendant-appellant argues that the district court totally failed to explain the elements of the offense of knowingly and unlawfully possessing an unregistered sawed-off shotgun as set forth in Count I of the indictment. As a result, it is argued that the defendant-appellant did not understand the charge against him and that the district court failed to personally inquire whether the defendant-appellant understood the nature of the charge.

Rule 11 expressly directs the district judge to make a personal inquiry to determine whether a defendant who pleads guilty understands the nature of the charge against him and to determine whether he is aware of the consequences of his plea. McCarthy v. United States, 394 U.S. 459, 464, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). Rule 11 also requires that the district judge satisfy himself that there is a factual basis for the plea. The judge must decide that the conduct which the defendant admits constitutes the offense charged in the indictment. McCarthy v. United States, *Id.* at 467, 89 S.Ct. at 1171. The character of the defendant's understanding relates to the question of whether the plea was entered voluntarily while the requirement that the court be satisfied that there is a factual basis for the plea entered relates to the question of the guilt or innocence of the defendant. Ar-

ias v. United States, 484 F.2d 577, 579 (7th Cir. 1973). In this direct appeal we are concerned with both of these Rule 11 Requirements.

The transcript reflects that a clear and complete explanation of both charges in the indictment was made to the defendant-appellant and that he fully understood the essence of the indictment. In addition, the transcript reveals that the court by personal interrogation of the defendant-appellant did elicit from him a factual basis to support the guilty plea. The court first explained the indictment to the defendant-appellant who indicated that he understood it. The court then determined that the guns in question were not registered. The court next inquired of defendant-appellant whether he was in possession of the guns on the dates in question. The defendant implied that he had been in possession of the one gun charged in Count I but that he did not have actual possession of the gun involved in Count II at the time of his arrest.[2] The court interrogated the defendant-appellant further to ascertain whether in fact the defendant did have possession of the gun charged in Count II and determined that he did have possession. The court informed the defendant-appellant of the possible penalties which he faced, informed him that he had a right to a trial, either before the court or to a jury, and asked the defendant-appellant if he understood his rights. The defendant-appellant indicated that his counsel had explained his

of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. Rule 11, Fed.R. Crim.P.

2. The defendant-appellant never affirmatively admitted possession of the gun charged in

Count I of the indictment but his answer implied that he had such possession:

The Court: Is that a fact that you did have in your possession these guns on these dates in question?

The Defendant: The second one, I was not —was not in my possession when I was arrested.

The Court: But you knew where it was and it was available to you, is that right?

The Defendant: Yes, it was available, but, you see, they arrested my mother and I admitted that the shotgun was mine.

The Court: But it was a gun that you had control over, in effect, is that right?

The Defendant: Yes, I had it in my home.

rights to him, that he was pleading guilty because he was in fact guilty, that no promises had been made to him and that he was pleading guilty of his own free will. These explanations, coupled with the presence of competent counsel were sufficient to establish that he did understand the essence of the indictment. *See,* Arias v. United States, *Id.* at 579. On at least three occasions, the defendant indicated that he under-stood the charges and was pleading guilty of his own free will. We are, therefore, satisfied that the plea was voluntarily and understandingly entered and that the court accepted the plea after establishing a factual basis for the defendant-appellant's guilt.

## II.

The second issue presented is whether the district court erred in receiving testimony, after the plea was entered but before sentencing, relating to a crime with which the defendant had been charged in state court and to which he intended to plead not guilty.

After the plea of guilty had been entered and a presentence report had been prepared, a hearing was held for disposition on January 16, 17 and 19, 1973. Before sentencing, the court was informed that the defendant had been charged with an armed robbery that had occurred shortly before defendant-appellant's arrest on November 18, 1972, for the violation charged in Count I of the federal indictment. The defendant-appellant had been identified in a lineup the next day as a participant in that armed robbery. The court decided that before disposition of the defendant-appellant it would be necessary to learn about the circumstances surrounding the robbery in order to determine the reason why the defendant-appellant had been in possession of the sawed-off shotgun.

██ It is an accepted principle that a federal trial judge has wide discretion in determining what sentence to impose on a convicted person. "It is also true that before making that determination,

a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the sources from which it may come." United States v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). *See also,* United States v. Trigg, 392 F.2d 860 (7th Cir. 1968), cert. denied, 391 U.S. 961, 88 S. Ct. 1863, 20 L.Ed.2d 874. It has been held that it is proper for the sentencing judge to consider evidence of other crimes for which appellant was neither tried nor convicted when determining the sentence to impose. *See* United States v. Cifarelli, 401 F.2d 512, 514 (2nd Cir. 1968), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448; United States v. Doyle, 348 F.2d 715, 721 (2nd Cir. 1965), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84. As Judge Friendly stated for the court in United States v. Doyle, *supra* at 721:

> The aim of the sentencing court is to acquire a thorough acquaintance with the character and history of the man before it. Its synopsis should include the unfavorable, as well as the favorable, data, and few things could be so relevant as other criminal activity of the defendant, *particularly activity closely related to the crime at hand.* (Emphasis added).

Judge Friendly went on to point out that nothing warranted a distinction between considering the persons' past criminal record or crimes not passed on by a court. *Id.* at 721.

██ It is undisputed that the sentencing function is a highly individualized one. The task of the sentencing judge is to determine the type and extent of punishment appropriate for a particular defendant after the issue of guilt has been determined. Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, rehearing denied, 337 U.S. 961, 69 S.Ct. 1529, 93 L. Ed. 1760 (1949).

██ It is clear that the trial court in this case could permissibly inquire into the circumstances surrounding the

possession of the sawed-off shotgun. If the defendant-appellant was illegally in possession of such a weapon for use in the perpetration of a crime of violence, this would certainly have a bearing on the sentence to be imposed. Nor is the fact that the sentencing judge preferred to rely on the testimony of witnesses to ascertain the circumstances surrounding the possession of this weapon prejudicial. The exercise of sound judicial discretion in performing the sentencing function compels a consideration of all of the circumstances surrounding the crime, whether mitigating or aggravating, in order for the judge to properly discharge his duty to impose a proper sentence. Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 427, 3 L.Ed.2d 516, rehearing denied, 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959). The sentencing judge, as he stated several times in the record, called for a hearing not to determine the guilt or innocence of the defendant-appellant in regard to the armed robbery charge, but merely to find out whether there was any factual basis for the contentions advanced by the Government at the disposition hearing. The judge was informed that the defendant intended to plead not guilty to the armed robbery charge. The defendant freely took the stand to testify in his own behalf and the court heard his version of the circumstances surrounding the commission of the crime charged in Count I of the indictment. The defendant-appellant testified that he was not a participant in the armed robbery. The court then heard the testimony of one of the victims of the armed robbery who identified the defendant-appellant as one of the perpetrators of the robbery. The court also heard the testimony of the arresting officer who related that defendant-appellant had told him a different story concerning how he came into possession of the gun than defendant-appellant testified to in court. Several times during the course of the testimony, the court stated that this was an abbreviated hearing, not for the purpose of determining guilt or innocence, and admonished the Assistant United States Attorney not to go beyond showing a prima facie basis implicating the defendant with the armed robbery. Defendant-appellant's attorney was given the right to cross-examine the witnesses and discredit their testimony. Certainly, the defendant-appellant, having been given the right to cross-examine these witnesses, was afforded greater protection than if such information had been presented only in the presentencing report. We are convinced that a limited hearing in the context of the facts of this case, held only to discover the circumstances and context of why the defendant-appellant was in possession of an illegal weapon, a charge to which he had pleaded guilty, where the defendant is allowed the right to cross-examine the Government witnesses and refute their testimony, is not erroneous. However, nothing in this opinion should be construed as authorizing the practice of admitting extensive testimony relating to another pending criminal action for which the defendant has not been convicted and to which he intends to plead not guilty. The sentencing judge, in conscientiously performing his sentencing duties, may consider other crimes which may be related to the charge for which he is imposing a penalty, but even in the context of a limited hearing, when one is deemed necessary, he must jealously safeguard the protections afforded an accused person.

### III.

The final issue presented is whether the sentence imposed on the defendant was cruel and unusual in violation of the Eighth Amendment. The defendant-appellant was sentenced to imprisonment for a period of ten years on each count, the sentences to run concurrently. Title 26, U.S.C.A. § 5871, provides for a maximum sentence of ten years for one convicted of a violation of 26 U.S.C.A. § 5861(d). The proposition that a sentence within the statutory maximum provided by Congress is only subject to review on appeal for manifest

abuse of discretion is well established. United States v. Tucker, *supra,* 404 U.S. at 447, 92 S.Ct. at 591; United States v. Willard, 445 F.2d 814 (1971); United States v. Melendez, 355 F.2d 914 (7th Cir. 1966). Clearly, the sentence imposed on the defendant-appellant was within the statutory limits and not in violation of any Constitutional provision. The defendant-appellant's past record of criminal activity, involving eighteen arrests and four convictions demonstrates that no abuse of discretion was committed in sentencing him to the maximum on each count.

The judgment is affirmed.

SWYGERT, Chief Judge (concurring in part and dissenting in part).

In my opinion the trial judge erred in receiving testimony relating to the armed robbery charge and, despite his avowal that he was not considering the guilt or innocence of the defendant with respect to the armed robbery, the testimony nonetheless could only have influenced his judgment in fashioning the ten year prison sentence pronounced against the defendant.

Section 201(d) of the National Firearms Act, under which the defendant was indicted, provides "It shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the National Firearms and Transfer Record." The offense is limited to receipt or possession of an unregistered firearm. The statute is intended to regulate firearms and is not concerned with their use. There is a separate statutory provision relating to the use of a firearm to commit a felony. 18 U.S.C. § 924(c).

The record is clear that the trial judge wanted to hear evidence with respect to whether the defendant had used the gun in the armed robbery although he did say he would not take into consideration whether the defendant might be guilty or innocent of the robbery. While it is true that a sentencing judge has wide discretion in considering relevant data, it cannot be challenged that the sentence is imposed only with respect to the crime for which the defendant stands convicted. The other factors considered by the judge are relevant only in so far as they may aid him in determining what is the appropriate punishment for the specific violation. A practice cannot be condoned, however well intended, of convicting a person on one charge and then sentencing him additionally for another uncharged crime which happens to involve the same circumstances. Obviously, the use to which the gun here was put might be relevant in determining how "bad a person" the defendant is. But his sentence is not for being a "bad person"; it is for violation of a particular law.

The trial judge, in my judgment, confused two distinct aspects of sentencing. The prime consideration in imposing a sentence should be the seriousness of the offense actually committed. Other factors are then considered for the purpose of determining what degree of punishment is necessary for the individual person. The judge assumed that the prior use of the gun was relevant to the question of seriousness of the offense. It was not. The statute prohibits only the possession of unregistered weapons. The seriousness of an offense under the statute is dependent upon the number and kind of weapons illegally possessed, not on what their use may have been. Their use is only related to the secondary question concerning the individual defendant's character and history.

The distinction is important in the instant case. The majority permits the abbreviated hearing only because it relates to the seriousness of the offense. Even assuming that there may be a second crime which is relevant to the seriousness of an offense for which there is a conviction, this is clearly not true in the instant case. The majority's attempt to limit the opinion to "related" charges is grounded on fallacious reasoning. Since this armed robbery has no relevance to the issue of possession, I can see no analytical basis on which to

distinguish the present case from a situation in which a pending charge on which a hearing is held is for a crime not even involving this particular weapon. The logic of the opinion would allow a hearing on all pending charges.

Thus, this case actually presents one of the questions raised but not answered in our recent opinion in United States v. Haygood, 502 F.2d 166 (7th Cir. 1974): Is it error for a sentencing judge to consider the facts underlying a separate charge pending against a defendant?[1] I believe it is error. I would favor a policy that totally prohibits the consideration of mere arrests or pending charges in reaching a sentencing conclusion.[2] Surely, we should not countenance the practice employed in this case. Here the trial judge specified his interest in the pending robbery charge. Indeed, he held a hearing in order to reach a tentative conclusion concerning the factual basis for the robbery charge. While the sentencing judge's desire to avoid predicating the sentence on the basis of an unproven charge is perhaps understandable, I do not agree that the solution is to hold a hearing on the matter. Instead, the charge should be totally ignored in view of the law's presumption of innocence. To do otherwise is to infringe upon the basic rights and safeguards we provide a defendant in a criminal case. A defendant is entitled to a jury determination if he so desires. We should not permit a procedure that could result in allowing a judge's broad sentencing discretion to be used by prosecutors as a means for increasing a defendant's sentence on the basis of a factual determination as to other alleged criminal activity for which a jury conviction might not be possible. Such a procedure cannot be condoned.

I would remand for resentencing.

---

1. In the context of this case I believe we are presented with this question even though a specific objection to the hearing was not made. Unlike *Haygood*, we are confronted with a situation in which the pending charge was in state court. Thus, there could have been no hope by the defendant that if the federal judge considered the facts of this other charge, the state prosecutor would not pursue it. Moreover, here we have the direct appeal as opposed to what was in *Haygood* primarily a double jeopardy claim raised as a bar to the prosecution of the second charge.

2. I recognize that present authority may permit a sentencing judge to consider hearsay statements even when they relate to other criminal activity for which there has not been a conviction. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1760 (1949); 18 U.S.C. § 3577. See also United States v. Haygood, 502 F.2d 166, 171 n. 16 (7th Cir. 1974). It should be noted, however, that in *Williams* the defendant did not challenge the contention that he had committed these other crimes. The specific question of use of prior arrests or pending charges was not addressed in *Williams* and I believe the case should be strictly limited to its facts.