Ronnie Lee LAUNIUS, Carroll Evan Sherrill, Paul Junior Ballard, Petitioners-Appellants,

v.

UNITED STATES of America, Respondent-Appellee.

No. 77–2928.

United States Court of Appeals, Ninth Circuit.

May 26, 1978.

Paul Junior Ballard, in pro. per.

Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for respondent-appellee.

Before BROWNING and WALLACE, Circuit Judges, and RENFREW *, District Judge.

PER CURIAM:

In 1974 appellants Launius, Sherrill and Ballard pleaded guilty to two counts of an information charging a single offense. They received consecutive sentences on the two counts exceeding the statutory maximum for the single offense charged in the information.[1] Two years later appellants filed motions under 28 U.S.C. § 2255 challenging their sentences. The district court agreed that the information was multiplicious and that the consecutive sentences violated the double jeopardy clause. Relief was denied, however, on the ground that appellants had waived their double jeopardy claims by pleading guilty.

■ The district court's conclusion that the consecutive sentences constituted double jeopardy was correct. Appellants pleaded guilty to an information charging conspiracy to smuggle heroin and conspiracy to smuggle amphetamines. It appeared on the face of the indictment that but one agreement was involved and hence but one conspiracy. "The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Braverman v. United States,* 317

U.S. 49, 53, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1953). The consecutive sentences imposed on the multiplicious counts therefore were unconstitutional. *See Gilinsky v. United States,* 335 F.2d 914, 917 (9th Cir. 1964). *See also United States v. Noah,* 475 F.2d 688, 693 (9th Cir. 1973).

■ The district court's conclusion that appellants' guilty pleas waived their double jeopardy claims was incorrect. By pleading guilty appellants admitted the facts alleged in the information and waived all constitutional claims that might have precluded the prosecution from establishing factual guilt had the case gone to trial. *See McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). They did not, however, waive those claims that "stand in the way of conviction, [even] if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975). The double jeopardy claims fall into the latter category. The Supreme Court remanded Menna's claim of former jeopardy for a determination on the merits despite a counseled plea of guilty, holding "that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute." *Id.* at 63 n. 2, 96 S.Ct. at 242. Even though the government has validly established appellants' factual guilt of the one offense alleged in the information, the double jeopardy clause bars double punishment for that single offense.

The district court attempted to distinguish *Menna* on the ground that it applied only to sequential double punishment and not to double punishment imposed simultaneously. We see no basis for such a distinction.[2]

---

* Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

1. The charges were for a conspiracy to smuggle in violation of 18 U.S.C. § 371 and 18 U.S.C. § 545, carrying a maximum penalty of five years; appellant Launius received a sentence of eight years, appellants Sherrill and Ballard, six each.

2. Statements in the concurring opinion in *Western Laundry & Linen Rental Co. v. United States,* 424 F.2d 441, 445–46 (9th Cir. 1970), and in *Berg v. United States,* 176 F.2d 122 (9th Cir. 1949) (*see also Bridges v. United States,* 259 F.2d 611 (9th Cir. 1958)), that double jeopardy claims are waived by pleas of guilty are inconsistent with the subsequent holding in *Menna.*

■ Respondent argues that appellants waived their double jeopardy claims by failing to challenge the indictment as multiplicious prior to trial as required by Rule 12(b)(2) of the Federal Rules of Criminal Procedure. As the Court of Appeals for the Sixth Circuit has held, "The argument that one waives his right to object to the imposition of multiple sentences by his fail[ing] to object to the multiplicious nature of an indictment is a *non sequitur*. Rule 12 applies only to objections with regard to the error in the indictment itself; the effect of Rule 12 is that dismissal of a multiplicious indictment is not required; however, if sentences are imposed on each count of that multiplicious indictment the defendant is not forced to serve the erroneous sentence because of any waiver." *United States v. Rosenbarger*, 536 F.2d 715, 721–22 (6th Cir. 1976).

Appellants pleaded guilty to the two-count information charging conspiracy to smuggle heroin and conspiracy to smuggle amphetamines in violation of 18 U.S.C. § 371 and 18 U.S.C. § 545 as part of a plea bargain. In return for their guilty pleas, appellants secured dismissal of other indictments charging conspiracy to import heroin and conspiracy to import amphetamines in violation of 21 U.S.C. § 963 and 21 U.S.C. § 952(a). The maximum possible sentence under the dismissed charges was 15 years' imprisonment plus a three-year special parole term on each count. The maximum possible sentence for the charges to which appellants pleaded guilty was five years' imprisonment on each count. Appellant Launius also secured dismissal of an indictment charging him with bail jumping, a violation of 18 U.S.C. § 3150, carrying a maximum possible sentence of five years. Appellee argues that by inducing these prosecutorial concessions, appellants waived their double jeopardy claims.

■■ Appellee cites no authority holding that a guilty plea based on a plea bargain has greater preclusive effect than a guilty plea that is not. The Supreme Court's opinion in *Menna* mentions no such exception. There are strong arguments against implying one. Since most guilty pleas are the product of plea bargaining, an exception permitting the prosecution to impose double punishment for a single offense through plea bargaining would swallow the general rule established in *Menna*. Moreover, although prosecutors are given wide latitude in plea bargaining, they cannot legitimatize, through plea bargaining, the imposition of penalties in excess of the statutory maximum for the offense charged. *See Ruiz v. United States*, 365 F.2d 500 (3d Cir. 1966); Wright, Federal Practice & Procedure § 582 (1969).

Appellee relies upon the statement in *Menna* that double jeopardy claims can be waived. *See Menna v. New York, supra*, 423 U.S. at 63 n. 2, 96 S.Ct. 241. But it is clear that the court was referring not to "waiver" conclusively presumed from a guilty plea but to "waiver" as defined in *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)—the intentional relinquishment or abandonment of a known right or privilege. *See United States v. O'Donnell*, 539 F.2d 1233, 1237 n. 2 (9th Cir. 1976). There is no finding below of a *Johnson v. Zerbst* waiver by appellants of their double jeopardy rights. There is no basis for this court to infer such a finding on the record as it now stands.

Reversed and remanded for further proceedings consistent with this opinion.