John Paul **KERRIGAN**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

Civ. A. No. 79–1168–C.

United States District Court,
D. Massachusetts.

July 15, 1980.

Paul F. Kelly, Boston, Mass., for petitioner.

Asst. U. S. Atty. Marianne B. Bowler, Boston, Mass., for Government.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentences imposed upon petitioner

**1356**

on the basis of guilty pleas entered in CR 77–398–C and CR 77–399–T. The matter is presently before the Court on petitioner's objections to a Report and Recommendation filed by Magistrate Cohen.

The facts underlying the cases are adequately set out in the Magistrate's Report and Recommendation and will not be repeated herein. The objections to the Magistrate's recommendation have been ably briefed by petitioner's court appointed and government counsel and the matter has been orally argued. Petitioner's only contention worthy of discussion is his claim that he was indicted in two separate cases, that each case had a conspiracy count and a substantive offense count, that he entered guilty pleas to the conspiracy count in each of the cases, and jail terms consecutive to each other were imposed in the two cases. He contends that although the Grand Jury and the government treated his activities as if he had participated in two separate conspiracies he in fact engaged in only one conspiracy and accordingly should not have received consecutive sentences.

The Magistrate recommended denial of relief on the ground that petitioner had waived the double jeopardy claim because of his delay in seeking to raise it and also on the ground that in fact, and in law, the two conspiracies were separate.

I do not reach the Magistrate's waiver grounds because I affirm on the merits of his finding and ruling that the two conspiracies charged are separate and were in fact two distinct and different conspiracies. The first conspiracy charged petitioner with conspiring with Benjamin A. Lambert and Richard Kirkwood to transport stolen lithographs in interstate commerce between August 25 and September 1, 1977. There was evidence summarized at the time of the guilty plea to the effect that this conspiracy culminated in the commission of a substantive offense on September 1, 1977, i.e., the sale of the lithographs to a FBI agent acting in an undercover capacity.

The second case charged petitioner with a conspiracy only with Richard Kirkwood to transport stolen jewelry in interstate commerce between September 1 and September 22, 1977. The government advised the Court that it had evidence that on September 22, 1977 Kerrigan sold stolen jewelry to the FBI undercover agent.

I adopt the finding and conclusion on page 9 of the Recommendation that those were clearly and distinctly separate conspiracies, each conspiracy being comprised of different members, different purposes and subject matter, and each beginning and ending in a different time period from the other.

Accordingly, I rule the Magistrate's recommendation should be accepted and the petition should be dismissed.

Order accordingly.