**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**CENTRAL LIQUOR COMPANY, Jarboe Sales Company, Louis Abraham, Jr. and Robert Z. Naifeh, Defendants-Appellants.**

Nos. 79–2204, 79–2205, 79–2206 and 79–2207.

United States Court of Appeals, Tenth Circuit.

Submitted May 5, 1980.

Decided Aug. 11, 1980.

Rehearing Denied Sept. 11, 1980.

Burck Bailey of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendant-appellant Central Liquor Co.

B. J. Rothbaum, Jr., Oklahoma City, Okl. (with James P. Linn, Oklahoma City, Okl., on brief) of Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for defendant-appellant Robert Z. Naifeh.

John B. Jarboe, Tulsa, Okl. (with Irvine E. Ungerman, Tulsa, Okl., on brief), for defendant-appellant Jarboe Sales Co.

Tom L. Armstrong of Dyer, Powers, Marshal, Turner & Armstrong, Tulsa, Okl., for defendant-appellant Louis Abraham, Jr.

Peter L. de la Cruz, Atty., Dept. of Justice, Washington, D.C. (with John H. Shenefield, Asst. Atty. Gen. and Barry Grossman, Atty., Dept. of Justice, and Charles R. McConachie, Washington, D.C., and Leonard A. Senerote, Jr., Atty., Dept. of Justice, Dallas, Tex., on brief), for plaintiff-appellee.

Before McKAY and LOGAN, Circuit Judges, and PECK, Senior Circuit Judge.*

McKAY, Circuit Judge.

The government has invoked the Sherman Act felony provision, 15 U.S.C. § 1, to indict both two small partnerships[1] and the most active partner of each. After a jury was empanelled, the district court denied motions to dismiss the indictments and stayed the proceedings pending prosecution of these appeals. Defendants argue that indictment of both a small partnership and an individual partner for the same activity is precluded by the double jeopardy clause, and they seek immediate review of the district court's actions under the doctrine of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

These cases have previously been presented to this court. When defendants sought to raise the double jeopardy issue before a jury had been empanelled, we dismissed the appeals, holding that the issue was "not ripe for review." *United States v. Abraham*, No. 79–1017, slip op. at 2 (10th Cir. May 15, 1979, *amended*, June 15, 1979), *cert. denied*, 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979). We noted that, before a double jeopardy claim may be raised, a de-

fendant must first have been put in jeopardy. Slip op. at 3. We did not intimate that interlocutory appeals would later lie upon attachment of jeopardy.

■ After the *Abraham* decision, the district court empanelled a jury, denied renewed dismissal motions, and stayed the proceedings. These appeals followed.[2] The district court exercised commendable caution to insure that no constitutional rights of the defendants would be violated by a precipitate move toward an unwarranted trial. The court recognized that, although *Abney* may be distinguishable from the instant cases, no extant authority specifically precluded interlocutory appeal. *See* Record, vol. 2, at 515.

Under the circumstances of these cases, appellate jurisdiction must be found, if at all, under 28 U.S.C. § 1291. The statutory phrase "final decisions" has been defined to include those decisions falling within the "collateral order" doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *See also Helstoski v. Meanor*, 442 U.S. 500, 506, 99 S.Ct. 2445, 2449, 61 L.Ed.2d 30 (1979). In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court held that a district court's denial of a particular double jeopardy claim was a collateral order and thus immediately appealable.

The *Abney* petitioners had undergone one trial. Had they not been permitted to appeal prior to a retrial, a significant protection of the double jeopardy clause would have been irretrievably lost: "[T]he guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial

---

* Honorable John W. Peck, Senior United States Circuit Judge, Sixth Circuit Court of Appeals, Cincinnati, Ohio, sitting by designation.

1. One of the partnerships is composed of three family members—son, father and mother. The other consists of three unrelated persons.

2. After these appeals were filed, the government moved to dismiss on jurisdictional grounds. By order of March 4, 1980, this court

denied the motion. Although the jurisdictional issue was briefed at that time, no res judicata effect attaches to our previous denial. As a court of limited jurisdiction, we are bound to review jurisdictional issues at all stages of the proceedings. Denial without opinion of a routine pre-argument motion to dismiss connotes at most this court's desire for further argument.

*more than once* for the same offense." 431 U.S. at 661, 99 S.Ct. at 2041 (emphasis added).[3] *See United States v. Ritter,* 587 F.2d 41, 43 (10th Cir. 1978). Although defendants here are not facing a second trial, they suggest that the *Abney* rationale extends to all *charges* which, on double jeopardy grounds, the government may not constitutionally prosecute. In the alternative, they maintain that, "[i]n every practical sense," they face the specter of two trials. Appellants' Memorandum on Appealability at 8.

■ The right not to be tried more than once and the right not to receive multiple convictions and punishments for the same offense are both protected by the double jeopardy clause, but they are conceptually distinct rights.[4] In *Abney,* the Court sought to protect through interlocutory appeal only the prohibition against multiple prosecutions—*i. e.,* "repeated attempts to convict an individual for [the same] offense." 431 U.S. at 661, 97 S.Ct. at 2041 (quoting *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). As the Court stressed, "[T]he Double Jeopardy Clause [also] protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment." 431 U.S. at 650, 97 S.Ct. at 2041.[5] *See United States v. Padilla,* 589 F.2d 481, 483 (10th Cir. 1978).

■ Should both the individual partners and the partnerships be convicted in these cases, this court would be presented with a

pure double jeopardy question, unsullied by a need to reconsider the jury's factual findings. Any possible juror prejudice from an unjustified pyramiding of charges would be irrelevant to our double jeopardy review. Thus, post-conviction appeals would be totally effective in protecting defendants' rights not to be twice convicted for the same offense.

Of course, the defendants' concern is not limited to the danger of dual convictions. The probability of a conviction on *one* count increases as more charges are included in a particular trial. However, except in the multiple prosecutions context, the double jeopardy clause does not protect against a single conviction. If indeed the trial results in conviction of only the individual partners or only the partnerships, our review on appeal would follow a due process analysis, directed to the prejudicial effects of the multiple charges. This court must often undertake such analysis on post-conviction review. Interlocutory appeal from unsuccessful challenges to criminal indictments is, in other contexts, generally not permitted precisely because the danger of delay is not counterbalanced by any irreparable threat to a defendant's constitutional rights. *See, e. g., Parr v. United States,* 351 U.S. 513, 518–21, 76 S.Ct. 912, 916–17, 100 L.Ed. 1377 (1956); *Cobbledick v. United States,* 309 U.S. 323, 324–25, 160 S.Ct. 540, 541, 84 L.Ed. 783 (1940). This time-honored policy should also govern here.

■ As an alternative argument, defendants seek to fit the particulars of their cases

---

**3.** "Trial" should, of course, be read expansively. *Cf. United States v. Sebastian,* 562 F.2d 211, 214 (2d Cir. 1977) (denial of double jeopardy motion to dismiss superseding indictment appealable); *United States v. Cerilli,* 558 F.2d 697, 699 (3d Cir.) (interlocutory double jeopardy appeal following mistrial), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977).

**4.** Defendants, relying on *Launius v. United States,* 575 F.2d 770 (9th Cir. 1978), argue that there is no basis for a distinction between sequential double jeopardy and the double jeopardy resulting from one multiplicitous indictment. *Launius* does not govern these cases. The *Launius* court was not concerned with the distinction between multiple trials and multiple punishments. It considered only whether there

is a substantive difference between multiple punishments imposed through one trial and those resulting from many trials. *Id.* at 771. Clearly that distinction is irrelevant for double jeopardy purposes.

**5.** *United States v. Barket,* 530 F.2d 181 (8th Cir. 1975), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976), relied on heavily by defendants, and cited in *Abney,* is quite consistent with this analysis. In *Barket,* it is true that there was but one indictment with two counts. The Eighth Circuit permitted an interlocutory appeal of the denial of a motion to dismiss one count. However, the appeal was taken only after trial on the other count had proceeded to judgment. *Id.* at 184.

within the multiple prosecutions doctrine. Because all defendants have retained their own attorneys to avoid any possible conflicts-of-interest, the expense and strategic complexity of a trial have been multiplied.

Standing alone, the additional expense for attorneys does not create a multiple prosecutions situation. Furthermore, defendants' assertion that the trial will become excessively complex, thereby increasing the "ordeal" they must suffer, is inconsistent with their theory of appealability. If it is true that each partnership and its controlling partner are one-and-the-same for Sherman Act purposes—as defendants argue—the complexity of the trial will be only superficially increased. The core of the government's case will necessarily be evidence applicable to both the partnership and the individual. Any trial is an ordeal, but defendants may not escape a single trial through application of the double jeopardy clause.

APPEALS DISMISSED.