John KERRIGAN, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 80–1531.

United States Court of Appeals,
First Circuit.

Argued Dec. 1, 1980.

Decided March 13, 1981.

Paul F. Kelly, Boston, Mass., by appointment of the Court, with whom Segal, Roitman & Coleman, Boston, Mass., was on brief, for appellant.

Marianne B. Bowler, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

John P. Kerrigan appeals from the dismissal of his petition to vacate sentence under 28 U.S.C. § 2255. Kerrigan was sentenced on the basis of guilty pleas to two indictments, both charging conspiracy to transport stolen goods in interstate commerce. Kerrigan claims that he was sentenced in violation of his fifth amendment right not to be twice placed in jeopardy for the same offense. We affirm the judgment of the district court.

On December 1, 1977, a federal grand jury returned two indictments against Kerrigan. The first, No. 77–398–C, charged that Kerrigan conspired with Richard Kirkwood and Benjamin Lambert, between August 25, 1977 and September 1, 1977, to transport in interstate commerce and to sell certain specified lithographs stolen from the Pucker-Safrai Gallery on Newbury

Street in Boston.[1] The second, No. 77–399–T, charged that Kerrigan conspired with Richard Kirkwood, between September 1, 1977 and September 22, 1977, to transport in interstate commerce and to sell specified Indian jewelry stolen from the shop of Etta Goodstein in West Dennis, Massachusetts.[2] Indictment No. 77–399 also charged a substantive count of transporting the jewelry in interstate commerce.

Kerrigan and his attorney arranged a plea bargain with the government, under which he would plead guilty to the two conspiracy charges, the substantive count would be dismissed, and the government would recommend a three-year sentence on each of the two counts, both to run concurrently with each other and with other state and federal sentences Kerrigan was already serving. Kerrigan appeared before two different district judges to enter his pleas of guilty. In each case, the court informed Kerrigan that the government's sentence recommendation was not binding on it, and that he could receive as much as the maximum sentence authorized by statute on each count. In each case, Kerrigan indicated that he understood. On March 15, 1978, Kerrigan appeared before the two district judges for disposition on the two counts. In No. 77–399–T, which was heard first, he was sentenced to three years, to run concurrently with the sentences he was already serving. In No. 77–398–C, he was sentenced to two years, to run consecutively to all other sentences. It is this latter sentence to which he now objects, claiming that the two charges to which he pled guilty described what was in fact only one conspiracy.

The district court referred Kerrigan's petition to a magistrate, who, after an evidentiary hearing, recommended that relief be denied. The magistrate found that Kerrigan had understood that his plea bargain was not binding on the court. The magistrate also concluded that the indictment charged two separate conspiracies, and that even if there were in fact only one conspiracy, Kerrigan had raised his double jeopardy claim too late. The district court, 491 F.Supp. 1355, adopted the magistrate's conclusion that the indictments charged separate conspiracies; it did not reach what it termed "the magistrate's waiver grounds."

On appeal, Kerrigan argues that there was in fact only one conspiracy, and that a guilty plea does not waive rights under the double jeopardy clause. For this latter proposition he relies on *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Launius v. United States*, 575 F.2d 770 (9th Cir. 1978). In *Menna*, the defendant pled guilty to a charge of refusing to answer questions before a grand jury, even though he had already served a jail sentence for contempt of court based on the same refusal to testify. The Court held that a double jeopardy claim is not waived

1. Indictment No. 77–398 read, in part, as follows:

"During the period beginning on or about August 25, 1977, and continuing through on or about September 1, 1977, in the District of Massachusetts, defendants JOHN PAUL KERRIGAN, RICHARD KIRKWOOD, and BENJAMIN A. LAMBERT, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree with each other and amongst themselves to commit offenses against the United States, as follows:

"To transport and cause to be transported in interstate commerce goods and merchandise, to wit: lithographs with a value in excess of $5,000, which had been stolen from the Pucker-Safrai Gallery, Newbury Street, Boston, Massachusetts, knowing the same to have been stolen: in violation of Title 18, United States Code, Section 2314."

2. Indictment No. 77–399 read, in part, as follows:

"During the period beginning on or about September 1, 1977, and continuing through on or about September 22, 1977, in the Districts of Massachusetts and New Hampshire, defendants JOHN PAUL KERRIGAN and RICHARD JOHN KIRKWOOD, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree with each other and amongst themselves to commit offenses against the United States, as follows:

"To transport and cause to be transported in interstate commerce goods and merchandise, to wit: Indian jewelry with a value in excess of $5,000, which had been stolen from the shop of Etta Goodstein, West Dennis, Massachusetts, knowing the same to have been stolen; in violation of Title 18, United States Code, Section 2314."

by a guilty plea, where "the state is precluded by the United States Constitution from hauling a defendant into court on a charge." *Menna, supra,* 423 U.S. at 62, 96 S.Ct. at 242. In *Launius,* the defendants had pleaded guilty to a two-count information charging conspiracy to smuggle heroin and conspiracy to smuggle amphetamines. Finding that "It appeared on the face of the indictment that but one agreement was involved and hence but one conspiracy," the court held defendants' consecutive sentences unconstitutional. *Launius, supra,* 575 F.2d at 771.

■ *Menna* and *Launius* do indeed indicate that a double jeopardy claim may lie notwithstanding a guilty plea, but in neither case did the double jeopardy claim depend upon a repudiation of the allegations in the indictment to which the plea had been entered. These cases do not hold, as Kerrigan suggests, that a defendant who pleaded guilty may later contest the factual and theoretical foundations of the indictment to which he pleaded, so as to show that, in fact, he committed only a single offense. The court in *Launius* explicitly and correctly stated that "By pleading guilty appellants admitted the facts alleged in the information." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Willard v. United States,* 445 F.2d 814, 816 (7th Cir. 1971). Kerrigan's claim of double jeopardy must be evaluated under the version of facts stated in the indictment, not against an alternative version of events which Kerrigan now claims is more accurate. Evaluated in this way, Kerrigan's claim is quite different from that asserted in *Launius*; far from being facially multiplicitous, as in *Launius,* Kerrigan's indictments sufficiently describe two separate and distinct offenses, for which Kerrigan could be constitutionally sentenced to two separate terms of imprisonment.

■ The essence of a conspiracy offense is an agreement to commit an unlawful act. *Ianelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975). A single agreement to commit more

than one criminal act is still a single agreement and may not be prosecuted as more than one conspiracy, *Braverman v. United States,* 317 U.S. 49, 52, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1949). But indictments charging two or more agreements, even agreements to commit similar or related crimes, charge more than one conspiracy. The Second Circuit recently had occasion to consider the identity or separateness of two conspiracy charges, for double jeopardy purposes, in *United States v. DeFillipo,* 590 F.2d 1228, 1232–35 (2d Cir. 1979). The relevant factors to which the court looked were the dates of the purported agreements, the identity of each of the alleged conspirators, and the specific criminal acts to the commission of which the defendants were alleged to have agreed.

■ Following that approach here, we find the two indictments alleged separate time periods for the two conspiracies which overlap by only one day. As in *DeFillipo,* the indictments name overlapping but different groups of conspirators; indictment No. 398 names three participants, while 399 names only two, excluding Lambert. Again as in *DeFillipo,* the two agreements charged related to commission of crimes which were similar but distinct. Thus, facially, it is possible to have had two conspiracies. Kerrigan asks, rhetorically, "Is it reasonable to conclude that Kerrigan and Kirkwood made an agreement with Lambert and then made a totally separate and distinct agreement with each other?" But whether it is reasonable or not—whether, speculatively, some other conclusion might be just as, or even more, plausible—this is what the indictments charge and the government's theory is perfectly workable under the facts pleaded. By pleading guilty, Kerrigan accepted the government's two-conspiracy allegations, and it is too late for him to try to establish something else. The factual allegations of the indictments sufficiently charge two separate conspiracies; Kerrigan is bound by these facts because of his guilty pleas; and Kerrigan has therefore not been twice placed in jeopardy for the same offense.

*Affirmed.*