**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50090 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00688-AHM-4 |
| v. | |
| JOSE LEON, AKA Nene, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted October 11, 2012
Pasadena, California

Before: EBEL[**], WARDLAW, and NGUYEN, Circuit Judges.

Jose Leon appeals the sentence imposed by the district court following his

guilty plea to one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d),

and one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

§ 846.  Because the district court procedurally erred by incorrectly calculating the guideline range, *see Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), we vacate Leon's sentence and remand to the district court for resentencing.

The district court counted a 2003 conviction in Leon's criminal history score under Application Note 4 to U.S.S.G. § 2E1.1, which instructs courts to count certain RICO predicate acts in calculating the criminal history score.   Based on an offense level of 31 and a criminal history category of III, the district court arrived at an advisory sentencing range of 135 to 168 months.  The court imposed a sentence of 105 months imprisonment for each count, to be served concurrently, reducing the 144-month sentence it otherwise would have pronounced by the 39 months that Leon had already served in a related state case.

The district court committed procedural error by incorrectly calculating the guideline range for the drug conspiracy count.  *See Gall*, 552 U.S. at 51; *Carty*, 520 F.3d at 993.   The 2003 conviction should not have been included in the criminal history score for the drug conspiracy count under the generally applicable rule, U.S.S.G. § 4A1.2(a)(1), because the conduct underlying the conviction was charged and pleaded to as part of the drug conspiracy count.  Because calculating a single guideline range that is correct as to both counts is impossible in Leon's case,

2

the district court should have independently calculated the applicable guideline range for each separate count of conviction, in accordance with Application Note 4 to U.S.S.G. § 2E1.1 and U.S.S.G. § 4A1.2(a)(1), respectively. For each of the counts of conviction, Leon's offense level remains the same, at 31, as stipulated by the parties in the plea agreement. For the RICO conspiracy count, the correct criminal history category is III, resulting in guideline range of 135 to 168 months. *See* U.S.S.G. Ch. 5, Pt. A. For the drug conspiracy count, the correct criminal history category is II, resulting in a guideline range of 121 to 151 months. *See id*.

In this case, we cannot conclude that the district court's incorrect calculation of the guideline range for the drug conspiracy count was harmless. *See United States v. Munoz-Camarena*, 631 F.3d 1028, 1031 (9th Cir. 2011) (per curiam) (error is not harmless where the district court may have imposed a different sentence had it started with the correct guideline range); *see also United States v. Hammons*, 558 F.3d 1100, 1106 (9th Cir. 2009); *United States v. Zalapa*, 509 F.3d 1060, 1064-65 (9th Cir. 2007). After separately calculating the guideline ranges for each count of conviction, the district court may impose concurrent sentences, taking into account the 18 U.S.C. § 3553(a) sentencing factors in arriving at each sentence. In this particular case, the sentence previously selected by the district

court falls easily within the applicable guideline range for each count of conviction.

**VACATED and REMANDED.**

*U.S. v. Leon*, No. 11-50090

NGUYEN, Circuit Judge, dissenting:

Leon's guilty plea to RICO conspiracy requires the district court to count his 2003 conviction as a "prior sentence" for purposes of calculating his criminal history. U.S. Sentencing Guidelines Manual § 2E1.1, cmt. n.4 (2011). The majority instructs the district court to calculate a separate criminal history score with respect to Leon's drug distribution conspiracy conviction, excluding his 2003 conviction from the calculation. This approach results in two distinct criminal history categories and two separate guidelines ranges for the same defendant. Because the majority's decision contravenes the plain language and basic structure of the sentencing guidelines, I respectfully dissent.

U.S.S.G. § 4A1.2 provides general definitions and instructions for computing a defendant's criminal history. Generally, only a sentence imposed for conduct that is *not* part of the instant offense may be counted as a "prior sentence." *Id.* § 4A1.2(a)(1). However, RICO charges are treated differently. Application Note 4 to section 2E1.1 plainly requires that conduct charged as part of a "pattern of racketeering activity" in a RICO conviction be "treat[ed] as a prior sentence under § 4A1.2(a)(1) and not part of the instant [RICO] offense[,]" even if the defendant has been previously sentenced for that same conduct. *Id.* § 2E1.1, cmt.

n.4. The plain language of this provision—and its specific reference to § 4A1.2(a)(1)—make clear the Sentencing Commission's intent to carve out an exception in cases involving a RICO conviction.[1]

Further, allowing the RICO conviction to drive the computation of Leon's criminal history score, despite the fact of his second conviction for drug distribution conspiracy, is consistent with the basic structure of the guidelines. The guidelines not only provide a detailed mechanism for grouping multiple counts into a *single* offense level, *see id.*, Ch. 3, pt. D, but also provide a specific methodology for grouping all criminal conduct into a *single* criminal history category, *see id.*, Ch. 4, pt. A. This methodology calls for the computation of a defendant's total criminal history points based on the seriousness of his prior criminal behavior. *See id.* § 4A1.1(a)–(e). Under the sentencing guidelines' structure, once the court calculates a single offense level and a single criminal history category, it would use the sentencing table to arrive at a single advisory guidelines range.

The district court correctly calculated the guidelines range for Leon. Applying Application Note 4, the district court assessed 3 points for Leon's 2003 conviction because the conduct that led to that conviction was charged as a

---

[1] Application Note 4 acknowledges that an over-count of a defendant's criminal history, that is, an "anomalous result in a particular case," may occur. If so, "a guideline departure may be warranted." *Id.*

predicate act in his RICO conspiracy. The fact that Leon was also convicted of a non-RICO count should not make any difference in the criminal history calculus, because Leon can only have one criminal history. The more specific provision of the guidelines—Application Note 4—trumps the more general language in Section 4A1.2(a)(1). *See Bloate v. United States,* 130 S. Ct. 1345, 1354 (2010) (stating that a "specific provision . . . 'controls one of more general application'"). Further, where two provisions "are capable of co-existence," the court must give effect to both. *Morton v. Mancari*, 417 U.S. 535, 551 (1974). Construing Application Note 4 as an exception to § 4A1.2(a)(1) is the only way to achieve a single criminal history category in Leon's case without nullifying Note 4.

The majority instructs the district court to calculate two *separate* guidelines ranges, 135 to 168 months for the RICO conspiracy count, and 121 to 151 months for the non-RICO conspiracy count. Maj. Op. 3. The majority then states that "the district court *may* impose concurrent sentences[.]" *Id.* (emphasis added.) But does this mean that the district court also may impose consecutive sentences if warranted? The majority doesn't say. Certainly, nothing in the guidelines or elsewhere supports vesting the district court with such discretion. This lack of clarity highlights the error of the majority's analysis.

For these reasons, I would affirm the district court's calculation of Leon's

criminal history.