NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>DONNY LOVE, SR.,<br><br>    Defendant - Appellant. | No. 13-50085<br><br>D.C. No. 3:10-CR-02418-MMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Margaret M. McKeown, Circuit Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: PAEZ and M. SMITH, Circuit Judges, and SILVER, Senior District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Roslyn O. Silver, Senior District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

[***] Margaret M. McKeown, Circuit Judge, for the Ninth Circuit Court of
Appeals, sitting in the United States District Court for the Southern District of
California, by designation.

Early in the morning of May 4, 2008, a bomb detonated outside the main entrance to the Edward J. Schwartz United States Courthouse in downtown San Diego. Donny Love Sr. was subsequently convicted of ten counts related to the bombing, and he appeals. We affirm except as to Count 10, which we reverse.

Love argues the district court erred in denying his pretrial motion to change venue from the courthouse where the bombing occurred. We review the denial of a motion to transfer venue for abuse of discretion. *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996). Love argues prejudice should be presumed because the courthouse was the crime scene. We have recognized presumed prejudice may apply in certain "extreme" cases of prejudicial pretrial publicity, *Hayes v. Ayers*, 632 F.3d 500, 508 (9th Cir. 2011) (quoting *Skilling v. United States*, 561 U.S. 358, 381 (2010)), but we have not addressed this type of presumed prejudice claim.

Only two cases have done so, *United States v. Nettles*, 476 F.3d 508 (7th Cir. 2007) (affirming denial of transfer motion where bombing had no chance of success) and *State v. Baumruk*, 85 S.W.3d 644 (Mo. 2002) (reversing denial of transfer motion where mass shooting took place inside the courthouse). We need not decide whether this presumed prejudice claim could be viable as a general matter because the circumstances of the bombing were insufficient to presume that

jurors would be prejudiced. Thus, the district court did not abuse its discretion in denying the motion.

Love next argues the district court erred in denying his repeated motions for new counsel. We review a denial of a motion for new counsel for abuse of discretion and consider: (1) the timeliness of Love's motions, (2) the adequacy of the district court's inquiries, and (3) the extent of the conflict between Love and his counsel. *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002). Only an "extensive, irreconcilable conflict" requires substitution of counsel. *Id*. Love's primary argument relates to the adequacy of the inquiry conducted by the district court on his first motion, specifically, its denial of the motion without a hearing.[1] However, "the failure to conduct a hearing is not *by itself* an abuse of discretion." *Id*. at 764.

"[T]he nature of our review requires that we accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." *United States v. Walker*, 915 F.2d 480, 483 (9th Cir. 1990), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000). Here, the district court observed Love and his counsel's interactions before and

---

[1] The United States does not dispute this first motion, filed September 22, 2010 (nunc pro tunc to September 1), was timely.

throughout trial, and held a post-trial hearing addressing the circumstances of each motion for new counsel. Though "the trial judge might have made a more thorough inquiry into the substance of [Love]'s alleged conflict with counsel, [Love]'s description of the problem and the judge's own observations provided a sufficient basis for reaching an informed decision." *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986). The refusal to appoint new counsel was not an abuse of discretion.

Love also raises two multiplicity arguments. Because he did not raise them below, we review for plain error. *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007). "Plain error is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *Id.* (quoting *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005)).

First, Love argues his convictions on Counts 6 and 7, both under 18 U.S.C. § 844(h), are multiplicitous because they relate to the same explosive. Assuming we would agree on de novo review, Love cannot show plain error because this Court has never held two convictions under § 844(h) for the same explosive multiplicitous, nor does our precedent otherwise make that conclusion clear-cut or obvious. *Cf. United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) ("An error cannot be plain where there is no controlling authority on point and

4

where the most closely analogous precedent leads to conflicting results.") (quoting *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003)).

Second, Love argues his § 844(h) convictions are multiplicitous of his conviction on Count 5, under 18 U.S.C. § 924(c). Because these counts arise under different statutes, "the test to be applied . . . is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Section § 924(c) is limited to use of a firearm in a "crime of violence" rather than in "any felony" as required by § 844(h). Since a "crime of violence" need not be a felony and "any felony" includes non-violent crimes, each statute requires proof of a fact the other does not. Thus, the convictions are not multiplicitous under the *Blockburger* test.

Finally, the United States concedes Love's conviction on Count 10 must be reversed because we held in *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013) that an FBI investigation is not an "official proceeding" for the purpose of 18 U.S.C. § 1512(c)(2). We therefore reverse Love's conviction on Count 10 and remand for resentencing.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR RESENTENCING.**