**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Curtis Brent Gorny, Appellant.

Appellate Case No. 2014-002322

Appeal From Chesterfield County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2017-UP-037
Submitted December 1, 2016 – Filed January 11, 2017

**AFFIRMED**

Melvin Wayne Cockrell, III and Sarah Crawford Campbell, both of Cockrell Law Firm, P.C., of Chesterfield, and Andrew McLeod Privette, of The Privette Law Firm, LLC, of Hartsville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General V. Henry Gunter, Jr., both of Columbia, and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:** Appellant Curtis Brent Gorny appeals his convictions for attempted murder, possession of a weapon during the commission of a violent crime, and failure to stop for a blue light. Appellant claims the trial court erred by denying his motion to change venue due to the prejudice associated with conducting his trial in the Chesterfield County courthouse, which was adjacent to the scene of the alleged crimes. Appellant argues he was not required to show actual prejudice to warrant a change of venue because the circumstances were inherently prejudicial. We affirm.

We find the circumstances of Appellant's trial were not inherently prejudicial and he was required to show actual prejudice consistent with our case law to warrant a change of venue. *See State v. Stanko*, 402 S.C. 252, 276, 741 S.E.2d 708, 721 (2013) ("A motion to change venue is addressed to the sound discretion of the trial [court] and will not be disturbed on appeal absent an abuse of discretion."); *id.* at 277, 741 S.E.2d at 721 (noting the defendant in a criminal trial bears the burden of demonstrating actual juror prejudice to warrant a change of venue). Requiring a criminal defendant to show actual juror prejudice to succeed on a motion to change venue has long been the standard in South Carolina. *See State v. Owens*, 293 S.C. 161, 167, 359 S.E.2d 275, 278 (1987) (explaining the defendant has the "burden to demonstrate actual juror prejudice" to warrant changing venue). We find no reason under the circumstances of this case to relieve Appellant from the burden of showing actual prejudice. The shootings did not occur inside the courthouse but outside on the street. It was unclear exactly how close the incident was to the courthouse. No part of the crime occurred inside the courthouse. Despite Appellant's contention, the jurors were not required to sit at the crime scene throughout the trial. Also, the high speed chase and attempted murder of the police officer occurred far away from the courthouse.[1]

---

[1] We note other jurisdictions have reached similar conclusions. *See United States v. Love*, 642 Fed. App'x 700, 701–02 (9th Cir. 2016) (finding the circumstances were insufficient to presume juror prejudice and the trial court did not abuse its discretion in denying a motion to change venue when the trial was held in the same courthouse the defendant was accused of bombing); *Provenzano v. State*, 497 So. 2d 1177, 1183 (Fla. 1986) (finding "the fact that the trial was conducted at the scene of the crime . . . does not require us to find" the trial court erred by failing to change venue when the defendant was charged with murdering and attempting to murder people inside the courthouse); *State v. Hernandez*, 970 P.2d 149, 153–54 (N.M. Ct. App. 1998) (concluding the trial court did not abuse its discretion by

Furthermore, the primary issue during trial was Gorny's intent. Gorny admitted to the shootings but claimed self-defense and that he acted in fear of his life. He also admitted firing his weapon during the high speed chase but claimed it was an accident caused by the wind and he had no intent to shoot the officer. Thus, the jury was assessing Gorny's intent rather than whether the events occurred or the identity of the perpetrator. We believe this factor reduced the likelihood of prejudice associated with the location of trial and weighed in favor of finding no inherent or presumed prejudice. Also, the trial court thoroughly and repeatedly instructed the jurors they were to decide the case based only on the evidence presented inside the courtroom. *See State v. Grovenstein*, 335 S.C. 347, 353, 517 S.E.2d 216, 219 (1999) ("An instruction to disregard incompetent evidence is usually deemed to have cured the error. Moreover, jurors are presumed to follow the law as instructed to them." (citation omitted)). Based on the foregoing, we affirm.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

holding the trial in the same courthouse where the shooting occurred because the trial court took precautions to prevent unauthorized viewing of the crime scene); *Lopez v. State*, 651 S.W.2d 830, 832, 837 (Tex. App. 1983) (finding the defendant failed to show pretrial publicity ruined the likelihood of empaneling an impartial jury even though the attempted murders occurred inside the courthouse and were known as the "courthouse stabbing spree").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.