NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50009 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-02418-MMM-1 |
| v. | |
| DONNY LOVE, Sr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. Margaret McKeown, Circuit Judge, Presiding

Argued and Submitted April 11, 2023
Pasadena, California

Before: BERZON, MILLER, and LEE, Circuit Judges.

Donny Love, Sr. appeals his sentence for convictions of multiple offenses related to his involvement in the May 2008 bombing of the Edward J. Schwartz United States Courthouse in San Diego, California. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand to the district court.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review a district court's interpretations of the federal Sentencing Guidelines de novo, its factual determinations for clear error, and its application of the Sentencing Guidelines to the facts as it has found them for abuse of discretion." *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008). When no objection was made at sentencing, we review the forfeited claims for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).

1. The district court imposed a 285-month term of imprisonment on Count Eight, possession of an unregistered firearm, 26 U.S.C. § 5861(d). The parties agree that this sentence is erroneous because it exceeds the statutory maximum of 120 months of imprisonment. *See* 26 U.S.C. § 5871. We decline the government's request to amend the sentences on Counts One and Two to compensate for the reduced sentence on Count Eight. *See United States v. Ped*, 943 F.3d 427, 433 (9th Cir. 2019). In light of the plain error on Count Eight, and the minute order that "corrected" the sentences on Counts One and Two to 150 months, we disagree with the government's contention that "the court clearly intended to impose 285 months for the first group of convictions." Therefore, we "vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008).

2. The district court did not abuse its discretion by applying U.S.S.G. § 3B1.1(a), which calls for a four-level enhancement if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Love does not challenge his own role as organizer or leader, or the involvement of three other participants. He argues that a fifth person, Julaine Carter, should not be considered a participant in the criminal activity because Carter's involvement—giving the FBI false information—did not arise until four months after the bombing, and because Love's conviction for inducing Carter to give false information was ultimately reversed. *See United States v. Love*, 642 F. App'x 700, 703 (9th Cir. 2016). Neither fact prevents Carter from being considered a participant in the scheme. *See* U.S.S.G. § 1B1.3(a)(1) (defining "[r]elevant [c]onduct" for sentencing to include acts undertaken "in the course of attempting to avoid detection or responsibility for th[e] offense"); U.S.S.G. § 3B1.1 cmt. n.1 (defining "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted"); *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016) (explaining that a sentencing court may consider "charged, uncharged, and even acquitted conduct" when applying an enhancement).

Love is correct that at resentencing, the district court explained the enhancement by discussing the extensiveness of his scheme rather than the number

of participants. But "[i]t is not necessary that the district court make specific findings of fact to justify the imposition of the role enhancement." *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012). "Regardless of the district court's specific statements at sentencing, the enhancement is proper nonetheless if there is evidence in the record that would support" it. *Id.* at 976.

3. The district court did not abuse its discretion by applying a two-level departure for property damage. Under U.S.S.G. § 5K2.5, a court may increase the sentence if "the offense caused property damage or loss not taken into account within the guidelines." Love argues that the Guidelines already took property damage into account, so this departure was impermissible double counting. Assuming, without deciding, that property damage was taken into account within the relevant Guidelines, the departure was still appropriate if the property damage involved was "to a degree not adequately taken into consideration in the guidelines." U.S.S.G. § 5K2.0 cmt. n.3(B)(i); *see* U.S.S.G. § 5K2.0(a)(3); *see also* U.S.S.G. § 5K2.0(a)(2)(A). The district court made a finding adequate to support the departure on that basis, stating that "while there may be some property damage contemplated [in the Guidelines], I don't think it's of the nature of what we had here."

4. The district court did not abuse its discretion by applying a two-level departure for significant disruption of a government function. Under U.S.S.G.

4

§ 5K2.7, a court may increase the sentence if "the defendant's conduct resulted in a significant disruption of a governmental function." Love's actions caused a busy federal courthouse to close for an entire day. It was not an abuse of discretion to determine that the disruption was significant. Love argues that the property-damage departure already accounted for those consequences. Although one way in which Love's actions disrupted the government was by physically damaging the courthouse, his actions further disrupted the government because they led to the closure of the courthouse—a consequence not covered by the property-damage departure.

5. The parties agree that the written judgment erroneously reflects a ten-year term of supervised release, considering that the district court orally imposed a five-year term of supervised release. We direct the district court to correct that error on remand.

6. The district court ordered that Love pay $325,000 in restitution, the entirety of the government's losses, jointly and severally with three other people involved in the bombing scheme. It did not err, let alone plainly err, in doing so. Love correctly points out that the three other people who perpetrated the bombing did not owe any restitution. But restitution for multiple wrongdoers may be apportioned by relative culpability, and Love was the "organizer or leader" of the

bombing. *See* 18 U.S.C. § 3664(h). On remand, we direct the district court to remove the reference to joint and several liability for clarity.

**AFFIRMED in part and VACATED in part; REMANDED.**