**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

   v.

JOSEPH MANUEL ZALAPA, aka
Joseph Manual Zalapa,
    *Defendant-Appellant.*

No. 06-50487

D.C. No.
CR-05-00285-
DDP-1

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
September 28, 2007—Pasadena, California

Filed December 5, 2007

Before: Thomas G. Nelson, Sandra S. Ikuta, and
N. Randy Smith, Circuit Judges.

Opinion by Judge N. Randy Smith

15963

**COUNSEL**

James H. Locklin, Deputy Federal Public Defender, Los Angeles, California for the defendant-appellant.

Bayron T. Gilchrist, Assistant United States Attorney, Los Angeles California, for the plaintiff-appellee.

**OPINION**

N.R. SMITH, Circuit Judge:

We hold that a defendant who fails to object in the district court to multiplicitous convictions and sentences does not

waive his or her right to raise a double jeopardy challenge on appeal. Because we conclude that the district court plainly erred by sentencing the appellant Joseph Manuel Zalapa on multiplicitous firearm counts and entering judgment, we reverse.

## I.   Factual and Procedural Background

On October 20, 2005, officers in the Santa Ana, California Police Department ("SAPD") were in a parking lot investigating the presence of a stolen vehicle. While in the parking lot, the officers observed Zalapa and another man "acting suspiciously." At that time, Zalapa was carrying a backpack. The officers attempted to approach Zalapa and his companion. When approached by the SAPD officers, Zalapa fled in one direction and his companion fled in another. In the course of attempting to elude the officers, Zalapa dumped the backpack over a fence in the yard of a home that he passed along his intended escape route. The officers apprehended Zalapa shortly thereafter. They recovered Zalapa's backpack after a resident of the home discovered it and turned it in to the police. Zalapa's backpack contained 64 rounds of 9mm ammunition, a magazine loaded with 29 rounds of 9mm ammunition, and a Sten M-5 rifle.

At the time Zalapa was arrested, he was on probation for a prior felony drug offense involving a firearm. As a term and condition of his probation, he was prohibited from possessing a firearm or ammunition.

A federal grand jury indicted Zalapa on three felony counts: possession of ammunition by a convicted felon (Count One); possession of an unregistered machine gun (Count Two); and possession of an unregistered firearm with a barrel less than 16 inches long (Count Three). Counts Two and Three charged Zalapa with violating 26 U.S.C. § 5861(d), which provides that "[i]t shall be unlawful for any person . . . to receive or possess a firearm which is not registered to him

in the National Firearms Registration and Transfer Record." There is no dispute that both firearm counts arose out of possession of a single unregistered firearm — a Sten, model M-5, 9mm machine gun, serial number 237508.

Zalapa pleaded guilty, without a plea agreement. Zalapa did not object to Counts Two and Three before he entered a guilty plea. The district court sentenced Zalapa to a $100 mandatory special assessment, a 42-month sentence, and three years of supervised release for each of the three counts. The sentences were to be served concurrently, and the supervised release terms were to run concurrently. Zalapa also did not object to the convictions or sentences when they were entered by the district court.

Zalapa now appeals his sentences and convictions for Counts Two and Three. We have jurisdiction under 28 U.S.C. § 1291. Zalapa contends that, because the convictions and sentences under 26 U.S.C. § 5861(d) are multiplicitous, they violate the Double Jeopardy Clause. We agree.

Zalapa alternatively argues that, even if he waived the multiplicity objection by failing to object to his convictions and sentences below, he is still entitled to relief due to ineffective assistance of counsel. For the reasons discussed below, we decline to reach this alternate ground and instead reverse based on the district court's plain error in sentencing Zalapa on the multiplicitous counts and entering judgment.

## II.   Analysis

### A.   Multiplicitous Convictions and Sentences

[1] We conclude that Zalapa's convictions and sentences on the firearm counts are multiplicitous. Where a defendant is convicted of multiple violations of the same statute based upon a single act or transaction, "the Supreme Court has stated that the proper inquiry involves the determination of

'[w]hat Congress has made the allowable unit of prosecution.' " *United States v. Keen*, 104 F.3d 1111, 1118 (9th Cir. 1997) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)).[1] We have recognized that "section 5861(d) expresses an unambiguous congressional intent to make *each* firearm a unit of prosecution." *United States v. Alverson*, 666 F.2d 341, 347 (9th Cir. 1982) (emphasis added). Similarly, we have held that it was not Congress's intent to impose multiple punishments for possessing a single firearm even if that firearm violates different subsections of 26 U.S.C. § 5861. *See United States v. Edick*, 603 F.2d 772, 773-75 (9th Cir. 1979).

**[2]** Accordingly, convicting and sentencing Zalapa for both firearm counts resulted in multiplicitous sentences and convictions and violated the Double Jeopardy Clause.

## B. Waiver

**[3]** We now address whether Zalapa waived his right to challenge the multiplicitous convictions and sentences by failing to object below. We conclude that he did not. In reaching that conclusion, we recognize the distinction between objections to multiplicity in the indictment, which can be waived, and objections to multiplicitous sentences and convictions, which cannot be waived. *See United States v. Smith*, 424 F.3d 992, 1000 & n.4 (9th Cir. 2005) ("Multiplicity of sentences is unlike the issue of multiplicity of an indictment which can be waived if not raised below.").

---

[1]The convictions at issue here, both arising under the same statute, are different from convictions for conduct punishable under two or more separate statutes. *Compare Keen*, 104 F.3d at 1118 *with Ball v. United States*, 470 U.S. 856, 861 (1985). Multiplicity where the same conduct is punished under separate statutes requires application of the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which permits double punishment only where each charge requires proof of an element not required by the other. *Ball*, 470 U.S. at 861. Because Zalapa's convictions for Counts Two and Three arose under the same statute, 26 U.S.C. § 5861(d), we do not apply the *Blockburger* test.

This conclusion is consistent with our holding in *Launius v. United States*, 575 F.2d 770 (9th Cir. 1978). In that case, we held that a defendant's guilty plea to a multiplicitous indictment did not constitute a waiver of the right to raise a double jeopardy claim as to his multiplicitous convictions and sentences. *Id.* at 771-72. We also recognized that Rule 12 of the Federal Rules of Criminal Procedure, the rule relating to pretrial motions, " 'applies only to objections with regard to the error in the indictment itself.' " *Id.* at 772 (quoting *United States v. Rosenbarger*, 536 F.3d 715, 721-22 (6th Cir. 1976)). We further recognized that even though " 'dismissal of a multiplicitous indictment is not required' " under Rule 12, " 'if sentences are imposed on each count of that multiplicious indictment the defendant is not forced to serve the erroneous sentence because of any waiver.' " *Id.* (quoting *Rosenbarger*, 536 F.3d at 721-22.

We recently reaffirmed this principle in *United States v. Ankeny*, 502 F.3d 829, 838-39 (9th Cir. 2007). In *Ankeny*, the defendant did not object to a multiplicitous indictment before pleading guilty. *Id.* at 838. Instead, he moved to dismiss the multiplicitous counts only after the district court accepted his guilty plea. *Id.* The court rejected the government's argument that Ankeny waived any objection to the form of the indictment by failing to object before the district court accepted his guilty plea. In holding that Ankeny need not have objected before his guilty plea was accepted, the court observed that "any objection to the indictment presumably would have been overruled because the government still would have had the opportunity to present proof of separate acquisition and possession." *Id*. Ankeny "lodged his objection at the appropriate time" by moving to dismiss the multiplicitous counts prior to sentencing. *See id.*

The court then observed that "the plain error standard applies when the defendant failed to raise the issue of multiplicitous sentences in the district court, which was not the case here." *Id.* The court noted that "even if the plain error

standard did apply, Defendant's conviction of multiple counts of being a felon in possession of a firearm, rather than a single count, harmed his substantial rights . . . ." *Id.* at 839 (internal citations omitted).

**[4]** Our case law distinguishing between objections to multiplicity in the indictment itself and objections to multiplicitous convictions and sentences follows explicit Supreme Court precedent. *See Ball v. United States*, 470 U.S. 856, 859 (1985). In *Ball*, the Supreme Court held that the district court has a duty to resolve multiplicitous charges only after the jury returns a guilty verdict on the multiplicitous charges. *Id.* at 865. "Should the jury return guilty verdicts for each [multiplicitous] count, . . . the district judge should enter judgment on only one of the statutory offenses." *Id.*

The government argues that *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir. 1997), controls our decision in this case. We disagree. *Klinger* dealt only with a challenge to the multiplicitous *form* of the indictment and not with a challenge to multiplicitous convictions and sentences based on double jeopardy. In *Klinger*, consistent with our precedent on this issue, we held that the defendant waived any challenge to the form of a multiplicitous indictment by failing to object below. *Id.* at 708; *see also United States v. Smith*, 866 F.2d 1092, 1096 (9th Cir. 1989) (observing that "courts have addressed under Rule 12(b)(2) such defenses as misnomer, duplicity or multiplicity . . . and other defects in the indictment or information that go to matters of form rather than substance").

**[5]** Here, like the defendants in the 2005 *Smith* decision, *Launius*, and *Ankeny*, Zalapa challenges only his multiplicitous convictions and sentences, not the form of the indictment. Zalapa voluntarily pleaded guilty to all three counts and did not object to the form of the indictment in the district court. By failing to object to the multiplicitous indictment before pleading guilty, Zalapa waived any objection to the form of the indictment. *Klinger*, 128 F.3d at 708. Zalapa did not, how-

ever, waive his right to object to his sentences and convictions as multiplicitous on appeal. *See Launius*, 575 F.2d at 772; *Smith*, 424 F.3d at 1000 & n.4.

## C. Plain Error

We hold that it was plain error for the district court not to vacate one of the firearm counts before entering judgment and sentencing Zalapa.

Where a defendant fails to raise the issue of multiplicity of convictions and sentences before the district court, we review the district court's decision for plain error. *See Smith*, 424 F.3d at 999-1000; *Ankeny*, 502 F.3d at 838. Under plain error review, a defendant "must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Smith*, 424 F.3d at 1000 (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

**[6]** "[A]n error is not plain unless it is 'clear' or 'obvious.' " *Smith*, 424 F.3d at 1002 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). "Plain error is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *Id.* (internal quotation marks omitted). Because Zalapa's convictions and sentences for Counts Two and Three arose out of possession of a single firearm and because our prior case law clearly describes Congress's intent to avoid imposing multiple punishments under 26 U.S.C. § 5861 for possessing a single firearm, the district court plainly erred when it entered judgment and sentenced Zalapa on both firearm counts. *See Alverson*, 666 F.2d at 347; *Edick*, 603 F.2d at 773-75.

**[7]** The multiplicitous convictions and sentences affect Zalapa's substantial rights because they have collateral consequences, including the possibility of an increased sentence under a recidivist statute for a future offense. *See Ball*, 470

U.S. at 864-65; *Rutledge v. United States*, 517 U.S. 292, 301-03 (1996). Each conviction also carried with it a mandatory $100 special assessment, which constitutes additional punishment that would not have been imposed absent the multiplicitous conviction and sentence. *See Rutledge*, 517 U.S. at 301-03. Imposition of an erroneously-imposed sentence, even a concurrent sentence, can have significant collateral consequences that we cannot foretell at the time of decision. *See Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) (quoting *Ball*, 470 U.S. at 864-65) ("The law is plain that multiple convictions, apart from concurrent sentences, carry 'adverse collateral consequences that may not be ignored.' "); *see also United States v. Kincaid*, 898 F.2d 110, 112 (9th Cir. 1990) (noting that although neither the defendant nor the court could "identify a specific prejudice which may stem from his erroneous sentence, we are unwilling to place upon [the defendant] the risk that such a prejudice will manifest itself in the future"). These collateral consequences affect Zalapa's substantial rights and therefore justify vacating the multiplicitous conviction and sentence.[2]

**[8]** Finally, the district court's error was serious enough to " 'affect[ ] the fairness, integrity or public reputation of judicial proceedings.' " *See Olano*, 507 U.S. at 732 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). Because the multiplicitous convictions and sentences carry with them significant potential for collateral consequences, we conclude that the district court's error seriously affected the fairness of the judicial proceedings. By convicting and sentencing Zalapa on both firearm counts, the district court's plain error exposed Zalapa to double jeopardy, which makes his convictions fundamentally unfair.

---

[2]The government argues that any adverse collateral consequences result from Zalapa's convictions, and not his sentences, and that he waived any challenge to the convictions by failing to object to the indictment. *Rutledge* drew no such distinction in vacating one of the defendant's sentences and convictions despite his not objecting at trial, and we decline to do so. *See* 517 U.S. at 302-03, 307.

### III.   Conclusion

**[9]** In summary, we conclude that Counts Two and Three are multiplicitous. The remedy for meritorious multiplicity claims is for the district court to vacate the multiplicitous conviction and sentence. *See Rutledge*, 517 U.S. at 307; *Ball*, 470 U.S. at 864. In accordance with *Ball*, we therefore remand to the district court with instructions to vacate the multiplicitous conviction, sentence, and $100 mandatory special assessment for one of the two counts under 26 U.S.C. § 5861(d).

**REVERSED AND REMANDED**