**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DON ELLINGFORD,

Defendant - Appellant.

No. 11-30280

D.C. No. 4:10-cr-00024-BLW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted November 7, 2012
Portland, Oregon

Before: ALARCÓN, McKEOWN, and PAEZ, Circuit Judges.

Don Ellingford was convicted of two counts of possession with intent to

deliver methamphetamine under 21 U.S.C. § 841(a)(1). He appeals from the

district court's denial of his motion for a new trial under Fed. R. Crim. P. 33 and

his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

we affirm.

## I

Ellingford argues that the district court erred in denying his motions because his due process rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Because he did not raise these claims in the district court, we review them for plain error. *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1727 (2012). To establish plain error, Ellingford "'must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Zalapa,* 509 F.3d 1060, 1064 (9th Cir. 2007) (quoting *United States v. Smith*, 424 F.3d 992, 1000 (9th Cir. 2005)).

## II

Ellingford contends that the Government violated *Brady* by not disclosing the evidence of the Idaho State Police Lab's ("ISP Lab") violation of lab policy. He also argues that the Government's failure to correct Rocklan McDowell's testimony violated *Napue* because the evidence showed that a box of undocumented drugs contradicted McDowell's testimony that he and others working in the lab did not leave any evidence out unattended.

Ellingford's *Brady* and *Napue* claims fail because, even assuming there was error, he cannot establish prejudice. "[W]e must analyze *Brady* and *Napue* violations 'collectively.'" *Jackson v. Brown*, 513 F.3d 1057, 1076 (9th Cir. 2008). "The materiality analysis proceeds differently for *Brady* and *Napue* claims." *Id.* "[W]e first consider the *Napue* violations collectively and ask whether there is 'any reasonable likelihood that the false testimony *could* have affected the judgment of the jury.'" *Id.* (quoting *Hayes v. Brown*, 399 F.3d 972, 985 (9th Cir. 2005)). "[I]f the *Napue* errors are not material standing alone, we consider all of the *Napue* and *Brady* violations collectively and ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding *would* have been different.'" *Id.* (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). "At both stages, we must ask whether the defendant 'received a trial resulting in a verdict worthy of confidence.'" *Id.* (alteration omitted) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Ellingford has failed to demonstrate that there is any reasonable likelihood that McDowell's false testimony about his and other analysts' general handling of evidence in the ISP Lab could have affected the judgment of the jury. The jury's guilty verdict is worthy of confidence in light of the independent evidence in the record implicating Ellingford. The confidential informant testified at trial that she

3

knew Ellingford for years prior to the two controlled buys, had bought methamphetamine from him on numerous occasions, and had set up these buys with him for the purpose of purchasing methamphetamine. The confidential informant was under police surveillance on her way to and from these buys, and both buys were recorded. In these recordings, Ellingford asked the confidential informant for drug scales and expressed his fear of being caught and going to prison. Detective Ronald Kim Marshall testified that he received the substances purchased by the confidential informant and that they appeared to be methamphetamine.

In light of this independent evidence, Ellingford has failed to establish a reasonable probability, even considering all of the alleged *Napue* and *Brady* violations collectively, that the result of the proceeding would have been different. Because Ellingford has not shown prejudice, he has failed to establish *Napue* and *Brady* violations, and the district court did not commit plain error. *See United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011) (to demonstrate a *Brady* claim under the plain error standard of review, prejudice must be shown), *cert. denied*, 132 S. Ct. 2119 (2012).

**AFFIRMED.**