NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50216 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-03121-LAB-1 |
| v. | |
| JORGE MAYEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 7, 2018**
Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,*** District Judge.

Jorge Daniel Mayen appeals his conviction and sentence for importing

methamphetamine and marijuana into the United States, in violation of 21 U.S.C. §§

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     The district court did not err in allowing Officer Varhola's testimony about Mayen's frequent border crossings. The parties had stipulated into evidence records about those crossings, and Varhola's testimony was fairly responsive to questioning from Mayen's attorney. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1073 (9th Cir. 2011) (finding no unfair prejudice when party "opened the door" to testimony). Mayen's hearsay and Confrontation Clause arguments fail, because the testimony did not relay an out-of-court statement. *See* Fed. R. Evid. 801(c).

2.     The district court did not commit plain error in allowing Agent Zoni to respond to a question about whether frequent border crossings would arouse suspicion. Because the officer responded that "I couldn't answer that yes or no," he did not give an opinion, nor did he testify to a prior bad act. *See United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007) ("Plain error is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." (quoting *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005))).

3.     The government did not mischaracterize the burden of proof in its closing argument, but instead permissibly argued that there was no "doubt" based on "reason and common sense" that Mayen knew that drugs were in the van. Nor did the prosecutor's statement that guilt could be inferred from deceptive behavior improperly "vouch" for Mayen's guilt, as it did not "plac[e] the prestige of the

2

government behind a witness through personal assurances of the witness's veracity, or suggest[] that information not presented to the jury supports the witness's testimony." *United States v. Tavakkoly*, 238 F.3d 1062, 1065 (9th Cir. 2001) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993)).[1]

4.     The district court did not err in declining to apply a minor role reduction pursuant to U.S.S.G. § 3B1.2. The court correctly considered "the totality of the circumstances," *id.* at cmt. n.3(C), including relevant circumstantial evidence, and concluded that Mayen had not carried his burden to demonstrate that it is "more likely than not that he's substantially less culpable than the average participant" in the criminal activity. *See United States v. Rojas-Millan*, 234 F.3d 464, 473 (9th Cir. 2000).[2]

**AFFIRMED.**

---

[1]    Because Mayen's individual claims fail, his cumulative error claim also fails. *See United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir. 1993).

[2]    Mayen's argument that the government must prove knowledge of both the type and quantity of the drugs also fails. *See United States v. Soto–Zuniga*, 837 F.3d 992, 1004–05 (9th Cir. 2016).