FILED

NOT FOR PUBLICATION

MAR 16 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DALIA MARINA ILDEFONSO,

Defendant-Appellant.

No.    16-50390

D.C. No.
3:16-cr-00679-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and SETTLE,[**] District
Judge.

1.    The government did not commit misconduct in closing argument. It properly

stated and addressed the required elements of conspiracy and then described the

circumstantial evidence that supported conviction. *See United States v. Kojayan*, 8

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

F.3d 1315, 1321 (9th Cir. 1993) ("When a prosecutor asks jurors to deduce a defendant's guilt from circumstantial evidence, for example, he's urging them to take a leap beyond the record, to use their common sense in reaching a conclusion not explicitly spelled out by the evidence. This is the very essence of jury summation.").

2.      The district court did not plainly err by using the preponderance standard to determine the amount of methamphetamine attributable to Ildefonso at sentencing. We agree with Ildefonso that the reasoning in *United States v. Harrison-Philpot*, 978 F.2d 1520 (9th Cir. 1992), is inapposite to her case. However, because of our precedent, *United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013) (citing *United States v. Rosacker*, 314 F.3d 422, 429-30 (9th Cir. 2002) (holding the clear and convincing standard that applies to cases where a sentencing factor has an extremely disproportionate effect on the sentence does not apply to drug quantity approximations)), we cannot conclude that any error is "so clear-cut, so obvious, [that] a competent district judge should be able to avoid it without benefit of objection," *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007).

        **AFFIRMED.**