NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30039 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00133-RRB |
| v. | |
| DANNY RAY LOWE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Argued and Submitted November 19, 2020
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and OTAKE,[**] District Judge.

Danny Ray Lowe appeals from the district court's judgment and sentence

following a trial where the jury convicted him on two counts of attempted sex

trafficking of a minor and two counts of attempted enticement of a minor to engage

in prostitution or any sexual activity for which a person can be charged with a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jill A. Otake, United States District Judge for the
District of Hawaii, sitting by designation.

criminal offense. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Lowe's conviction and sentence, but remand the case to the district court for correction of the judgment.

Lowe argues that two law enforcement witnesses engaged in vouching when they testified at trial about their task force's practice of reviewing undercover officers' text messages in order to avoid entrapping potential suspects. He also contends that one of these witnesses violated Federal Rule of Evidence 704(b)'s prohibition against presenting expert testimony as to whether the defendant had a mental state that is an element of a crime or defense. These arguments relate to the negation of Lowe's entrapment defense, which required the government to prove either that Lowe was predisposed to commit the crimes or that a government agent did not induce him to commit the crimes. *See United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014).

We review for plain error because Lowe failed to object to the pertinent testimony at trial. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999). "Under plain error review, a defendant 'must show (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007) (citation omitted). We do not reach

2

the question of whether the testimony constituted vouching or impermissible expert testimony because even assuming it did, such error did not affect Lowe's substantial rights, nor did it seriously affect the fairness, integrity, or public reputation of the proceeding. It is clear from the non-testimonial record that Lowe was not entrapped because he was not induced to commit the crimes: the undercover task force officer offered him numerous opportunities to cease communications, but Lowe nonetheless repeatedly tried to schedule meetings with the fictional victims.

Lowe also challenges the sufficiency of the evidence for his conviction under Count 1 for violating 18 U.S.C. § 1591(b)(1), arguing there was insufficient evidence for any rational juror to conclude beyond a reasonable doubt that he believed that one of the fictitious victims was under fourteen years old. A reviewing court must "determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Looking at the evidence in the light most favorable to the prosecution, a reasonable juror could have

inferred that Lowe believed (or at least acted in reckless disregard[1] of the fact that) one of the fictional victims was still thirteen years old when Lowe arrived at the designated motel on September 12, 2017. Specifically, the undercover officer informed Lowe in March and April of 2017 that the girl was thirteen years old and described the girl and her sister on the day of Lowe's arrest as "look[ing] like pretty . . . 13–14 yr olds."

While Lowe's sufficiency of the evidence challenge fails, Lowe correctly points out that the judgment listed the offense in Count 2 as a violation of 18 U.S.C. § 1591(b)(1), not of subsection (b)(2). The jury did not make any finding that the victim identified in Count 2 was below the age of fourteen, and the government took the position at trial that Count 2 charged a violation of subsection (b)(2). We therefore remand to the district court for correction of the judgment as to Count 2. *See United States v. Maria-Gonzalez*, 268 F.3d 664, 671 (9th Cir. 2001).

Lowe argues that his separate convictions for each of the two fictitious victims violated the Fifth Amendment's double jeopardy clause. Lowe contends

---

[1] The jury instructions and verdict form in this case did not reflect the correct mens rea of knowledge or reckless disregard for Counts 1 and 2. *See* 18 U.S.C. § 1591. However, we evaluate a sufficiency of the evidence claim based on the elements of the crime charged even when the jury instructions erroneously increased the Government's burden. *See Musacchio v. United States*, 136 S. Ct. 709, 715 (2016).

that his conduct constituted, at most, one violation of Sections 1591 and 1594 (which punishes attempted violations of Section 1591) and one violation of Section 2422(b), and not separate violations for each fictitious victim. Because Lowe did not raise this multiplicity issue at trial or sentencing, we review it for plain error. *See Zalapa*, 509 F.3d at 1064. "To be plain, the error must be clear or obvious, and an error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (internal quotation marks and citation omitted). "An error is not plain unless it is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Lo*, 447 F.3d 1212, 1228 (9th Cir. 2006) (internal quotation marks and citation omitted). Neither the Supreme Court nor the Ninth Circuit has defined the allowable unit of prosecution for violations of either Section 1591 or Section 2422. In the absence of any caselaw defining the allowable unit of prosecution for these statutory provisions, any possible error could not have been plain.

Finally, Lowe argues that his sentence should be vacated and the case remanded to the district court for resentencing because the district court failed to verify that Lowe had read the presentence report and discussed it with his attorney as required by Federal Rule of Criminal Procedure 32(i)(1)(A). We review for

harmless error a district court's failure to verify that a defendant read a presentence report and discussed the same with his counsel. *See United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007). The error is harmless "'if it is clear that no prejudice resulted'" therefrom. *Id.* (citation omitted). Lowe argues that if he had read the presentence report, he would have informed the court that (1) he attended special education classes from the first through twelfth grades and (2) he believed that the 1997 and 1998 drug charges that were listed as pending in the presentence report were dismissed long ago. But the district court heard the exact same evidence of Lowe's educational history at trial, and raised the issue of Lowe's intellectual capabilities at sentencing. And the drug charges Lowe referenced were listed in the presentence report as "Other Arrests," not as "Pending Charges"; indeed, the report stated that Lowe had "no known pending charges." The district court further noted at sentencing that Lowe had no criminal history. Lowe therefore fails to identify any prejudice resulting from the district court's error that could have realistically impacted his sentence.

Conviction and sentence **AFFIRMED**; case **REMANDED FOR CORRECTION OF JUDGMENT**.