NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10064 |
| Plaintiff-Appellee, | D.C. No.<br>3:17-cr-08211-DLR-1 |
| v. | |
| SHAUN HURLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 3, 2021**
Phoenix, Arizona

Before:  HAWKINS and BUMATAY, Circuit Judges, and CARDONE,*** District
Judge.

Shaun Hurley appeals his two convictions and sentences for use of a firearm

in furtherance of a crime of violence under 18 U.S.C. § 924(c).

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

We review the jury verdict form, the charging of multiple § 924(c) offenses, and the imposition of conditions on supervised release for plain error, because Hurley did not object below. *See United States v. Espino*, 892 F.3d 1048, 1051 (9th Cir. 2018); *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007); *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). We review de novo the district court's imposition of consecutive § 924(c) sentences because it involves a question of law and was objected to below. *See United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir. 1989), *amended*, 888 F.2d 1257 (9th Cir. 1989). We affirm.

1. The district court did not commit plain error by using a verdict form that did not require the jurors to choose between "brandishing" or "discharging" the firearm. The "use," "brandishing," and "discharge" of a firearm may all occur in the same offense, and the highest mandatory minimum would apply under § 924(c). *See, e.g., Abbott v. United States*, 562 U.S. 8, 13 (2010). Section 924(c)(1)(A) conjunctively lists the "brandish[ing]" and "discharge[]" mandatory minimums, confirming that Congress did not intend for the crimes to be mutually exclusive. *See* 18 U.S.C. § 924(c)(1)(A)(ii)-(iii). Here, the special verdict form required jurors to record whether Hurley "brandished" and/or "discharged" a firearm. The jurors could have picked either, neither, or both. The jury unanimously found that Hurley both brandished and discharged a firearm. There is nothing inconsistent with a jury finding that both occurred in the same offense.

2

2. The district court did not plainly err by permitting the government to bring two § 924(c) charges. While Hurley argues it was error to allow multiple convictions under §924(c) for a single use of a firearm, we recently concluded that a defendant who "fired four shots" at Deputy U.S. Marshals "in quick succession" was properly charged with four separate § 924(c) counts. *See United States v. Voris*, 964 F.3d 864, 870, 873 (9th Cir. 2020) ("Here Voris used his gun four separate times when he fired four shots toward the door—he pulled the trigger four times, in four slightly different directions, resulting in four separate discharges[.]"). We held that each discharge of the firearm constituted a separate "use" under § 924(c), even though the shots were "quickly fired." *Id.* at 873. Here, the firearm was first "discharged" near the victim's head as he was being assaulted, and second the firearm was "brandish[ed]" at the same victim while Hurley stole the victim's car. These two "uses" of the firearm are separate offenses under § 924(c), and Hurley's conviction on two separate counts was not plain error.

3. The district court did not plainly err in imposing consecutive sentences for Hurley's two § 924(c) charges. Section 924(c)(1)(D)(ii) mandates that a § 924(c) sentence run consecutively to any other § 924(c) sentence. *See United States v. Zepada*, 792 F.3d 1103, 1116 (9th Cir. 2015) (en banc). As discussed above, Hurley was convicted of two separate § 924(c) violations "tied to . . . different predicate

offense[s]." *See id.* The district court therefore had no discretion to impose Hurley's two § 924(c) sentences concurrently.

4. The district court did not commit plain error by imposing Standard Condition 12, Standard Condition 7, and Special Condition 4. First, Standard Condition 12 is not unconstitutionally vague. This condition mirrors the language used by the Sentencing Commission in U.S.S.G. § 5D1.3(c)(12), and imposing it was not plain error. *See United States v. Magdirila*, 962 F.3d 1152, 1158–59 (9th 2020) (suggesting district court might cure constitutional deficiency by adopting language similar to that used in U.S.S.G. § 5D1.3(c)(12)).

Second, Standard Condition 7 and Special Condition 4 are not substantively unreasonable. Both conditions are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006); *see* 18 U.S.C. § 3583(d). Standard Condition 7 requires Hurley to either "work full time" or "try to find full-time employment." Hurley does not show that he is incapable of *seeking* employment, nor does he show that the condition is an unfair burden on a fundamental liberty interest. *See United States v. Vega*, 545 F.3d 743, 748–49 (9th Cir. 2008). And, finally, Special Condition 4 requires Hurley to participate in substance abuse treatment and contribute to the cost of that treatment as determined by his probation officer. Hurley

does not cite any case to support his objection to Special Condition 4, nor does he offer any reason why it would be impossible for him to meet this condition.

**AFFIRMED.**