FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10190 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:08-cr-00194-SBA-1<br>4:08-cr-00194-SBA |
| JAMES RICHARDS, | |
| | OPINION |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted June 17, 2022
San Francisco, California

Before:  Jay S. Bybee, Consuelo M. Callahan, and Daniel P. Collins, Circuit
Judges.

Opinion by Judge Callahan

# SUMMARY[*]

## Criminal Law

The panel affirmed the district court's imposition of consecutive 24-month sentences on James Richards after finding he violated the conditions of his supervised release by possessing two guns and ammunition.

Richards argued that 18 U.S.C. § 3583(g)'s requirement that a judge impose a term of imprisonment based on conduct that constitutes a federal crime violates the Fifth and Sixth Amendments, and that his violations should therefore have been determined beyond a reasonable doubt by a jury. Explaining that § 3583(g) is more like "ordinary revocation" than "punishment for a new offense," the panel wrote that Richards' argument is not supported by Justice Breyer's controlling concurring opinion in *United States v. Haymond*, 139 S. Ct. 2369 (2019); was previously rejected in *United States v. Henderson*, 998 F.3d 1071 (9th Cir. 2021); and has been uniformly rejected by sister circuits. The panel concluded that Richards did not show that the district court erred, let alone plainly erred.

Richards argued that the consecutive sentences violate his rights under the Double Jeopardy Clause. The panel wrote that his argument fails for three reasons: (1) Richards was found to have violated the terms of his supervised release for having possessed two distinct firearms (and ammunition) at two distinct times; (2) his consecutive sentences were grounded on separate counts in the underlying indictment, not on Charges 3 and 4 of the Amended Petition for Warrant for Person Under Supervision; and (3) the consecutive sentences were not based solely on the government proving Charges 3 and 4, but also on Richards' admissions to Charges 5 and 6 and evidence concerning some of the conduct underlying Charge 1.

Rejecting Richards' sufficiency-of-the-evidence argument, the panel held that when considered in the light most favorable to the government, a rational trier of fact could have concluded that the preponderance of the evidence established that Richards had possessed the firearms and ammunition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Thomas G. Sprankling (argued) and Mark D. Flanagan, Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, California; Thomas B. Davidson, Wilmer Cutler Pickering Hale and Dorr LLP, San Francisco, California; for Defendant-Appellant.

Anne C. Hsieh (argued) and Thomas Green, Assistant United States Attorneys; Matthew M. Yelovich, Appellate Section Chief, Criminal Division; Stephanie M. Hinds, United States Attorney; United States Attorney's Office; for Plaintiff-Appellee.

## OPINION

CALLAHAN, Circuit Judge:

James Richards appeals from the imposition of consecutive 24-month sentences for violating the conditions of his supervised release for possession of two guns and ammunition. He argues that the consecutive sentences: violate his rights under the Fifth and Sixth Amendments as explained in *United States v. Haymond*, 139 S. Ct. 2369 (2019); violate his rights under the Double Jeopardy Clause; and are not supported by sufficient evidence. Although well presented by counsel, Richards' arguments on appeal are not persuasive.

**I**

In 2007, Richards was arrested for possession of crack cocaine and a gun. He pled guilty to Count One, possession with intent to distribute crack cocaine, and Count Three, possessing a firearm in furtherance of a drug-trafficking crime. He was sentenced to 106 months of incarceration. Richards was released from prison

1

in June 2016 and placed under supervised release. In June 2017, the terms of his supervised release were modified to account for his substance and alcohol abuse issues. In September 2018, Richards' supervised release was revoked because of his failure to properly communicate with his probation officer and for driving a motorcycle on a suspended license. He was sentenced to two months in custody, an additional 58 months of supervised release, directed to reside in a half-way house for 10 months, and placed on GPS monitoring for the first 150 days of his residence at the half-way house. In February 2019, Richards left the half-way house without permission, for which the district court imposed additional GPS monitoring and required Richards to abstain from alcohol.

On March 6, 2020, a Petition for Warrant for Person Under Supervision was filed charging Richards with calling "several witnesses, including a girlfriend, via a mobile video connection, threaten[ing] to kill them, and show[ing] a black handgun."

This appeal arises out of Richards' actions two days later, on March 8, 2020. At an evidentiary hearing concerning Richards' alleged violations of supervised release, a witness (Ms. Jones) testified that, while driving on Interstate 580, she drove past a white pickup truck with wooden boards on its side and the driver pointed a gun at her. She sped up to get away from the truck, but later while she was trying to stay away from the truck, she saw it speed up, move from the left

2

lane over to the right lane of the freeway, and exit on a ramp. She then saw the driver of the truck throw something out the window, which she presumed was the gun. Ms. Jones then called 911, told them what she had seen, and indicated where the gun had been thrown.

In response to the 911 call, an officer went to the area that Ms. Jones had identified, but before he was able to locate the gun, he received a report "of a wrong-way driver on northbound 880 Market Street offramp heading south in the northbound direction of traffic." He immediately drove to that location and saw a white pickup truck parked and facing southbound on the northbound side of the highway, near the center median. The officer observed a man standing in the bed of the truck, throwing miscellaneous objects out of the truck. The individual turned out to be James Richards. Richards appeared disheveled and was making erratic statements. He got inside the cab and attempted to leave, but the officer was able to extract and subdue him. Officers then found a Taurus .40 caliber handgun lying near the center median where the truck had been stopped. The firearm was loaded with a single round in the chamber with approximately four rounds in the magazine and was free of dust, debris, and moisture.

About an hour after her 911 call, Ms. Jones spoke to the same officer and described to him where she thought the driver had tossed the gun. The officer searched the area and found a firearm, a Glock 17, with one round in the chamber

3

and approximately sixteen rounds of ammunition in its high-capacity magazine. The officer testified that when he found the gun it was clean: "there was no dust or debris on it or any kind of elements on it." Ms. Jones subsequently identified Richards as the person who pointed a gun at her and who later discarded what she believed was the gun as he exited the highway.

On March 17, 2020, the government filed an Amended Petition for Warrant for Person Under Supervision asserting six charges. Charge 1 alleged that Richards had violated California law by making criminal threats against an ex-girlfriend and her friends. Charge 2 alleged that Richards' behavior on the freeway violated California law prohibiting carrying and brandishing a loaded firearm, resisting arrest, driving the wrong way on a freeway, and assaulting a police officer. Charge 3 alleged that Richards violated the condition of his supervised release that he not possess a firearm, and Charge 4 alleged that he violated the condition of his supervised release that he not possess ammunition. Charges 5 and 6 alleged that Richards had violated conditions of his release requiring him to participate in a program of testing and treatment for drug abuse and to participate in mental health counseling.

Richards admitted to the allegations in Charges 5 and 6 but contested the other charges. The district court held that much of the government's proffered evidence for Charge 1 was inadmissible hearsay and that Charge 1 was not proved.

4

After a two-day evidentiary hearing the district court found that the charges of possession of a firearm and possession of ammunition had "been amply proved by a preponderance of the evidence."  The district court explained:

> I find that at a minimum, charges three and four, possession of a firearm and possession of ammunition, have been amply proved by a preponderance of the evidence.  There's a credible witness that saw the defendant throw a gun out the window of his truck, it was recovered from where she said it would be recovered.
>
> There was a second firearm that was recovered when he drove the wrong way on the off ramp on 880, and I find that it is amply proven by a preponderance that the defendant committed these two violations.

With the court sustaining Charges 3 and 4, the government agreed to the dismissal of Charge 2.

The finding that Richards possessed a firearm triggered 18 U.S.C. § 3583(g)(2), which mandates revocation of supervised release and a term of imprisonment pursuant to § 3583(e)(3), where the defendant "violates a condition of supervised release prohibiting the defendant from possessing a firearm."  Based on all six charged supervised release violations, the probation officer had recommended a total sentence of 48 months imprisonment, consisting of a 24-month sentence on Count One of the underlying original counts of conviction and a concurrent sentence of 48 months on Count Three of the underlying counts of conviction.  But after the district court rejected Charge 1 of the supervised release violations, the probation office recommended concurrent sentences of 24 months

5

on each underlying count of conviction. Nonetheless, the district court imposed a sentence of 48 months, consisting of 24 months on each count to run consecutively. The district court entered judgment on June 24, 2021, and Richards filed a timely notice of appeal.

## II

Richards argues that 18 U.S.C. § 3583(g)'s requirement that a judge impose a term of imprisonment based on conduct that constitutes a federal crime violates the Fifth and Sixth Amendments. He contends that "the district court erred by failing to require the government to prove that [he] possessed a firearm beyond a reasonable doubt in front of a jury of his peers." In essence, Richards invites us to adopt the perspective of the plurality in *Haymond*, 139 S. Ct. 2369, and hold that a "jury find beyond a reasonable doubt every fact" in order for him to be found to have possessed a firearm or ammunition in violation of the conditions of his supervised release. He asserts that the constitutional rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), should apply to his proceedings. *See Haymond*, 139 S. Ct. at 2381.

Putting aside the question of whether the plurality opinion in *Haymond* is as broad as Richards asserts,[1] Richards recognizes that Justice Breyer's concurring

---

[1] The plurality's language is somewhat constrained. It states: "As at the initial sentencing hearing, that does not mean a jury must find every fact in a revocation hearing that may affect the judge's exercise of discretion within the range of

6

opinion represents the narrowest ground supporting the Court's ruling and is controlling. *See United States v. Henderson*, 998 F.3d 1071, 1076 (9th Cir. 2021) ("Justice Breyer's separate concurrence in the judgment is therefore controlling."). Justice Breyer offered three grounds for agreeing with the plurality that 18 U.S.C. § 3583(k) was "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). The three grounds were that § 3583(k): (1) "applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute"; (2) "takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long"; and (3) "limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years.'" *Id.*

Despite Richards' assertions to the contrary, § 3583(g)(2) does not meet these criteria. The first ground is arguably met as § 3583(g)(2) mandates a

---

punishments authorized by the jury's verdict. But it does mean that a jury must find any facts that trigger a *new* mandatory minimum prison term." *Haymond*, 139 S. Ct. at 2380. It further noted: "As we have emphasized, our decision is limited to § 3583(k)—an unusual provision enacted little more than a decade ago—and the *Alleyne* problem raised by its 5-year mandatory minimum term of imprisonment . . . Section § 3583(e), which governs supervised release revocation proceedings generally, does not contain any similar mandatory minimum triggered by judge-found facts." *Id*. at 2383-84 (citations omitted).

sentence when the violation of supervised release involves a firearm.[2]  But even if

the first ground were satisfied, the second criterion is met only in the most

technical of senses.  Although a judge is mandated to impose a sentence, the judge

retains considerable discretion as to the length of the sentence and may impose a

sentence of a single day.  Most importantly, in contrast to § 3583(k), which

imposed a mandatory minimum term of imprisonment of not less than 5 years, §

3583(g) imposes no such mandatory minimum.  *See* 18 U.S.C. § 3583(g) ("[T]he

court shall revoke the term of supervised release and require the defendant to serve

a term of imprisonment not to exceed the maximum term of imprisonment

authorized under subsection (e)(3).").

It follows that because § 3583(g) is more like "ordinary revocation" than

"punishment for a new offense," neither *Apprendi* nor *Alleyne* apply to an ordinary

revocation of supervised release proceeding.  This was the perspective of the four

dissenters in *Haymond*, and Justice Breyer stated in his separate concurrence that

he agreed with their assertion that "the role of the judge in a supervised-release

proceeding is consistent with traditional parole."  *Haymond*, 139 S. Ct. at 2385.

This is also our holding in *Henderson*, 998 F.3d 1071.  In *Henderson*, we

---

[2]     *But see United States v. Seighman*, 966 F.3d 237, 242 (3d Cir. 2020) (stating "subsection (g) applies to conduct that does not rise to the level of a federal criminal offense, such as 'refus[ing] to comply with drug testing' or repeatedly 'test[ing] positive for illegal controlled substances'") (alterations in original).

held that a defendant's otherwise reasonable sentence for violating the terms of supervised release could exceed, "when aggregated with the time the defendant was imprisoned for the underlying crime, the maximum statutory sentence for the underlying crime." *Id*. at 1078. Implicit in this holding was the determination that, as a constitutional matter, the determination of whether a defendant had violated a condition of supervised release could be made by a judge without a jury, and that the judge could determine the resulting sentence. Indeed, in *United States v. Oliver*, 41 F.4th 1093, 1101 (9th Cir. 2022), we stated that *Henderson* "reaffirmed that the Fifth and Sixth Amendments do not prohibit a § 3583(e) post-revocation prison sentence based on judicial findings under a preponderance standard." This position is also consistent with the opinions of our sister circuits.[3] Thus, Richards

---

[3]     *See, e.g.*, *United States v. Seighman*, 966 F.3d 237, 242–44 (3d Cir. 2020) (rejecting a challenge to revocation of supervised release under § 3583(g), the Third Circuit noted that Justice Breyer agreed with the dissent that the "role of the judge in a supervised-release proceeding is consistent with traditional parole," *Haymond*, 139 S. Ct. at 2385, and found that subsection (g) does not apply to a discrete set of federal criminal offenses, does not limit the judge's discretion in the same manner as subsection (k), and does not mandate a lengthy prison sentence).

*United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) ("Overall, § 3583(g) likely does not meet Justice Breyer's controlling test. And given that no majority of the Supreme Court endorsed the application of *Alleyne* in the supervised release context, we remain bound by this Court's prior decision that it does not.").

*United States v. Garner*, 969 F.3d 550, 553 (5th Cir. 2020) (holding that § 3583(g) is not unconstitutional under *Haymond* because (1) although it singles out certain conduct, only some of it is criminal, (2) although it takes away the judge's

9

has not shown that having a judge determine, based on a preponderance of the evidence, that he violated the conditions of his supervised release and would be sentenced to 48 months of incarceration, violated his constitutional rights.

Furthermore, Richards admits that because he did not raise this issue before the district court, he must establish plain error to prevail. Plain error is "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton,* 535 U.S. 625, 631 (2002)). "If these three conditions of the plain error test are met, an appellate court may exercise its discretion to notice a forfeited error that

---

discretion, it doesn't dictate the length of the sentence, and (3) it "doesn't limit the judge's discretion in the same 'particular manner' as Subsection (k)").

*United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021) (rejecting Childs' claim that the revocation of supervised release was unconstitutional because it exceeded the statutory maximum for his underlying conviction, the Eighth Circuit approvingly cited *Henderson* as holding that *Haymond* "did not overrule prior opinions 'which held a term of supervised release may extend beyond the statutory maximum for the underlying substantive offense'").

*United States v. Salazar*, 987 F.3d 1248, 1259–60 (10th Cir. 2021) (noting that Justice Breyer would not transplant the *Apprendi* line of cases to the supervised-release context and that "[o]ther circuits have also rejected the argument that *Haymond* undermines prior holdings that *Apprendi* has no role to play in supervised-release proceedings").

*United States v. Moore*, 22 F.4th 1258, 1268 (11th Cir. 2022) (finding that Justice Breyer's controlling concurrence in *Haymond* "does not transport the *Apprendi* line of cases to the supervised-release context").

10

. . . 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id*. (quoting *Cotton*, 535 U.S at 631). Here, Richards has not shown that the district court, in conforming to the traditional standard for parole hearings, and applying § 3583(g) as directed by our opinion in *Henderson*, erred, let alone plainly erred. Richards thus has not shown that the district court violated his rights under the Fifth and Sixth Amendments.

### III

Richards' second argument is that "imposing two consecutive twenty-four-month sentences for the same underlying conduct—i.e., possession of a loaded firearm"—violates the Fifth Amendment. He bases his argument on the Double Jeopardy Clause and *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1996). He recognizes that Congress has the power to punish a felon twice for being simultaneously in possession of a firearm and ammunition, but argues, citing *Keen*, 104 F.3d at 1118–20, that Congress "must speak clearly when it wishes to do so." Richards asserts that the "relevant text of the felon in possession of a firearm statute and the firearm condition of Mr. Richards' supervised release are nearly identical." He concludes that therefore he should not be given consecutive sentences based on violating Charges 3 and 4 in the Amended Petition. He claims that both the *Haymond* plurality and Justice Breyer necessarily recognized that basic criminal procedural protections can apply in the supervised release context.

11

Richards asserts that in *Keen* we held that punishing a defendant twice for simultaneously possessing a firearm and ammunition violates Double Jeopardy.

Richards further asserts that even if we conclude "that the Fifth Amendment's Double Jeopardy Clause does not directly apply to" his case, we should nonetheless hold that his consecutive sentences violate the Fifth Amendment's Due Process Clause because "[w]ithout at least a basic due process limitation on a district court's ability to impose punishment for multiple violations of the same condition of supervised release, a court could—for example—punish a defendant like Mr. Richards with two separate 24-month sentences for possessing two different bullets." In addition, Richards asserts that any ambiguity should be resolved in his favor under the rule of lenity.

Initially, we note that 18 U.S.C. § 3584(a) "confers discretion to impose consecutive or concurrent imprisonment terms upon revocation of concurrent supervised release terms."[4] *United States v. Campbell*, 937 F.3d 1254, 1257 (9th Cir. 2019). Nonetheless, a constitutional challenge to a revocation sentence is reviewed de novo, *Henderson*, 998 F.3d at 1073, and the decision to revoke supervised release is reviewed for abuse of discretion. *United States v. Hilger*, 728 F.3d 947, 951 (9th Cir. 2013). In addition, a harmless error standard applies to

---

[4]     The considerable discretion given the sentencing court by § 3584(a) undercuts Richards' argument for lenity. *See United States v. Campbell*, 937 F.3d 1254, 1258 (9th Cir. 2019).

alleged *Apprendi* errors. *Henderson*, 998 F.3d at 1073–74. Furthermore, where a defendant fails to raise an issue before the district court, we review the district court's decision for plain error. *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007).

Richards' arguments on appeal fail for three reasons: (1) he was found to have violated the terms of his supervised release for having possessed two distinct firearms (and ammunition) at two distinct times; (2) his consecutive sentences were grounded on separate counts in the underlying indictment, not on Charges 3 and 4 of the Amended Petition; and (3) the consecutive sentences were not based solely on the government proving Charges 3 and 4, but also on Richards' admissions to Charges 5 and 6 and evidence concerning some of the conduct underlying Charge 1.

## A.

Richards' consecutive 24-month sentences were not imposed for "the same underlying conduct—i.e., possession of a loaded firearm." Rather, the district court explained:

> Taking all those factors into account and having heard the evidentiary record in this case, I do find that the 48-month sentence that's recommended by the Probation Department is warranted, taking all those factors into account, including the nature of the offenses here and the fact that there were two separate firearms and ammunition possessed, the nature of the disturbing conduct that was described by the witnesses, and the threat charge.

13

The fact that "there were two separate firearms and ammunition" distinguishes this case from *Keen*, 104 F.3d at 1119, where we held that the simultaneous possession of a firearm and ammunition did not constitute "separate units of prosecution." As we recognized in *Keen*, multiple counts of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) are permitted when the firearms were "acquired at different times or stored in separate places." 104 F.3d at 1118 n.11. Similar reasoning applies here and confirms that, in assessing Richards' violation of the supervised-release condition that he not possess a firearm, the district court could properly consider that Richards possessed two distinct firearms in different places on different occasions. Indeed, he had already disposed of the first firearm at the time that he possessed the second firearm, thereby underscoring the wholly separate nature of the two distinct instances of possession. Clearly, different evidence supports the determinations that he possessed each firearm and its ammunition. Richards has not shown that consecutive sentences for his possession of two separate firearms with ammunition is a violation of the Double Jeopardy Clause.

## B.

Richards' assertion that he may not be given consecutive sentences for an action that simultaneously violated Charges 3 and 4 in the Amended Petition fails to recognize that the consecutive sentences were based not on Charges 3 and 4, but

on Counts One and Three of the underlying indictment. At the government's urging, the district court clarified that the consecutive sentences were based on Counts One and Three of the underlying indictment. The district judge stated:

> And just so that the record is clear, the term shall consist of 24 months on Count One and 24 months on Count Three, to run concurrently— I'm sorry—to run consecutively.

Thus, while the district court found that the government proved Charges 3 and 4 of the Amended Petition, it used that determination to impose consecutive sentences based on Count One (possession with intent to distribute crack cocaine) and Count Three (possessing a firearm in furtherance of a drug-trafficking crime) of Richards' underlying indictment.

This is consistent with our opinion in *Henderson*, which affirms our holding in *United States v. Purvis*, 940 F.2d 1276 (9th Cir. 1991), that "a revocation sentence is part of the maximum sentence authorized for the underlying offense." *Henderson*, 998 F.3d at 1074. We further held that "Henderson's term of supervised release was imposed as part of his original sentence." *Id*. at 1076. Furthermore, in *Henderson*, we affirmed a revocation sentence that resulted in an aggregate sentence of incarceration beyond the statutory maximum term of imprisonment under the statute of conviction for the underlying offense. Here, the maximum sentence of imprisonment authorized upon revocation of supervised release on Count Three alone was five years. *See* 18 U.S.C. § 3583(e)(3).

15

Moreover, the district court noted that the maximum term of imprisonment for Richards' underlying convictions was a life sentence. The total sentence of 48 months did not exceed the statutory maximum of five years, and Richards was not prejudiced by the district court's decision to allocate the total sentence between the two underlying counts in the way that it did. Nor does Richards contend that the 24-month sentence allocated to Count One exceeded the statutory maximum authorized for that count under § 3583(e)(3).[5]

## C.

Third, the consecutive sentences were not based solely on Charges 3 and 4 in the Amended Petition, but also on Richards' admission to Charges 5 and 6, as well as evidence related to some of the underlying conduct at issue in Charge 1. The district court stated that it was taking all the factors and evidence into account, including "the nature and the disturbing conduct that was described by the witnesses," even though not all of the elements of Charge 1 were "proven by a preponderance." Moreover, we have held that "[a] district court has discretion to impose concurrent or consecutive sentences after revocation of multiple concurrent

---

[5] The government further asserts that "even if the district court *had* revoked Richard's supervised release and imposed consecutive imprisonment terms based on a single violation," his double jeopardy claim would fail under *United States v. Clark*, 984 F.2d 319, 320 (9th Cir. 1993). Because we determine that the district court did not "impose consecutive imprisonment terms based on a single violation" we need not, and do not, address this assertion.

terms of supervised release." *United States v. Xinidakis*, 598 F.3d 1213, 1217 (9th Cir. 2010); *see also Campbell*, 937 F.3d at 1257. Richards' claim is undercut not only by the fact that his consecutive sentences were based on the government's showing on four charges but also by other evidence, including a jail call recorded after Richards' arrest in which he told an associate that he had additional guns.

We further note that because it appears Richards did not raise his Double Jeopardy Clause claim in the district court, he would have to show plain error to be entitled to relief, *see Zalapa*, 509 F.3d at 1064, but he has not done so. Richards has not shown that the district court violated the Double Jeopardy Clause or abused its discretion by imposing consecutive sentences based on Counts One and Three of the underlying indictment.

**IV**

Richards recognizes that on a sufficiency of the evidence challenge, the issue is "whether viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (cleaned up). Nonetheless, Richards contends that the government presented insufficient evidence to establish that he possessed either firearm. He argues that the fact that the Taurus handgun was found near where he was arrested on the freeway off-ramp is insufficient to show actual possession "as

17

there was no evidence that Mr. Richards ever had physical control over the Taurus—no fingerprints, pictures, eyewitness testimony, or anything else." Similarly, the loaded Glock 17 handgun was found along the side of a public highway "over a mile from where Mr. Richards was arrested." He asserts that "the government offered no forensic evidence linking the gun or ammunition to Mr. Richards," and notes that the witness only assumed that the object thrown from the pickup truck was a gun and that the police did not find the Glock in the first search.

We cannot conclude, viewing the evidence in the light most favorable to the government, that the judge could not reasonably find, based on a preponderance of the evidence, that both guns (and the ammunition) had been possessed by Richards. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) ("[W]hen 'faced with a record of historical facts that supports conflicting inferences' a reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution and must defer to that resolution.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979))). When found, both guns were free of dust, debris, and moisture. One was located where a credible witness testified that she had seen Richards throw it and the other was lying among the debris that Richards had thrown out of the back of his truck. Furthermore, in a recorded jail call, Richards admitted to possessing other weapons that were hidden. Perhaps other

18

explanations were possible, but none seems as likely as Richards having discarded the guns shortly before his arrest. Richards has not shown that there was insufficient evidence to support the determination that he had violated the conditions of his supervised release.

V

Richards has not shown that the district court violated his rights under the Double Jeopardy Clause or abused its discretion in giving Richards two consecutive 24-month sentences for violating his conditions of supervised release. The district court found by a preponderance of the evidence that Richards had possessed two separate firearms (with ammunition). We reject Richards' claim that his violations should have been determined beyond a reasonable doubt by a jury, as that argument is not supported by Justice Breyer's controlling concurring opinion in *Haymond*, was previously rejected in *Henderson*, and has been uniformly rejected by our sister circuits. We reject Richards' challenges to his consecutive sentences because he was found to have possessed two distinct firearms (with ammunition) which were found in different places and at different times. Moreover, the district court based the sentences on two distinct counts in Richards' underlying indictment, and the consecutive sentences are supported by evidence proving four charges in the Amended Petition as well as evidence concerning a fifth charge. Finally, Richards has not shown that, when considered

19

in the light most favorable to the government, a rational trier of fact could not have concluded that the preponderance of evidence established that Richards had possessed the firearms and ammunition.

The district court's judgment is **AFFIRMED**.